UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

MICHAEL BOWMAN,
Plaintiff,
v.
TOWN OF WORTHINGTON, et al.,
Defendants.

Civil Action No. 1:26-cv-66 (Kleeh)

**MEMORANDUM IN SUPPORT OF DEFENDANT RENEE COURTNEY'S MOTION TO DISMISS**

## I. INTRODUCTION

Defendant Carole Renee Courtney, appearing pro se, respectfully submits this Memorandum in support of her Motion to Dismiss. Plaintiff expressly names Courtney in Count VII, alleging conspiracy under 42 U.S.C. § 1983, and Count XII, alleging defamation and false light invasion of privacy under West Virginia law. Even accepting the well-pleaded factual allegations as true, the Complaint does not plead sufficient facts to state either claim against Courtney.

The principal grounds for dismissal are therefore Rule 12(b)(6). Defendant separately preserves an objection to insufficient service under Rule 12(b)(5), but does not rely upon the service defect as the principal basis for dismissal.

## II. LEGAL STANDARD UNDER RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. In deciding such a motion, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor, but it need not accept legal conclusions or conclusory allegations as true.

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the pleaded facts permit a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.*

## III. COUNT VII FAILS TO STATE A § 1983 CONSPIRACY CLAIM AGAINST COURTNEY

Count VII alleges that Courtney conspired with state actors to deprive Plaintiff of rights secured by the First and Fourth Amendments. The claim fails because the Complaint does not plead facts plausibly establishing that Courtney entered into an agreement or mutual understanding with any state actor to accomplish an unlawful constitutional deprivation.

To establish a civil-rights conspiracy under § 1983, a plaintiff must show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). The alleged conspirators must have positively or tacitly come to a mutual understanding to accomplish a common and unlawful plan. *Id.*

At the pleading stage, the factual allegations must plausibly suggest an agreement, not merely be consistent with one. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346-47 (4th Cir. 2011). A bare assertion of conspiracy or a conclusory allegation of agreement at an unidentified point is insufficient. *Id.* The Fourth Circuit likewise has explained that a plaintiff alleging conspiracy between private defendants and police must plead facts plausibly suggesting that the state actors and private parties entered into an agreement to accomplish the same conspiratorial objective. *Barrett v. PAE Government Services, Inc.*, 975 F.3d 416, 434-35 (4th Cir. 2020).

**A. The Complaint does not plead a conspiratorial agreement involving Courtney.**

Count VII alleges generally that the named defendants, including Courtney, reached an "express or tacit" agreement. But the Complaint does not identify a communication, conversation, meeting, message, instruction, request, or other interaction between Courtney and a state actor from which an agreement to violate Plaintiff's constitutional rights could plausibly be inferred. It does not identify when Courtney allegedly entered the agreement, which state actor allegedly agreed with her, or what Courtney allegedly agreed to do.

Those omissions matter because the existence of an agreement is not merely background to a conspiracy claim; it is the factual link that transforms separate conduct into joint action. The allegation that an "express or tacit" agreement existed states the conclusion necessary to the claim without pleading facts that plausibly establish that conclusion.

**B. The Complaint does not connect Courtney to Plaintiff's arrest or alleged suppression of newsgathering.**

The alleged constitutional deprivations concern Plaintiff's arrest and interference with his newsgathering. Yet the Complaint does not allege that Courtney participated in the decision to summon law enforcement, communicated with an officer before or during the arrest, requested or encouraged Plaintiff's arrest, directed an officer's conduct, participated in Plaintiff's detention, or otherwise took part in the events producing the alleged First or Fourth Amendment deprivation.

Instead, the specific conduct attributed to Courtney concerns publication occurring after Plaintiff's arrest and release. Even accepting that allegation as true, subsequent publication by a private citizen does not itself plausibly establish that the publisher previously reached a mutual understanding with state officials to cause the arrest or suppress Plaintiff's newsgathering. Under *A Society Without a Name* and *Barrett*, the Complaint must plead facts that plausibly suggest the agreement itself. It does not.

**C. The Complaint does not plausibly allege state action by Courtney.**

The Complaint identifies Courtney as a private citizen. Section 1983 ordinarily reaches constitutional deprivations attributable to state action, not purely private conduct. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982). A private person may in appropriate circumstances act under color of state law through willful joint participation with state officials, but the Complaint must plead facts making that joint action plausible.

Here, the characterization that Courtney acted "in concert" with government officials is unsupported by pleaded facts identifying an instruction, request, agreement, coordinated act, or communication between Courtney and a state actor from which a shared unconstitutional objective may reasonably be inferred. Accordingly, Count VII fails to state a plausible § 1983 conspiracy claim against Courtney and should be dismissed under Rule 12(b)(6).

## IV. COUNT XII FAILS TO STATE A CLAIM FOR DEFAMATION OR FALSE LIGHT

Count XII alleges generally that Courtney published false "statements of fact" concerning Plaintiff and also refers to an image Plaintiff alleges was fabricated or altered. The Complaint, however, does not identify or quote the particular statements of fact attributed to Courtney that Plaintiff contends were false. That omission is fundamental to both state-law theories.

**A. West Virginia defamation law requires an actionable false statement.**

Under West Virginia law, the essential elements of a defamation action by a private individual are: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 706, 320 S.E.2d 70, 77 (1984). The Fourth Circuit continues to apply those elements when analyzing West Virginia defamation claims. *Ballengee v. CBS Broadcasting, Inc.*, 968 F.3d 344, 351 (4th Cir. 2020).

Count XII recites that Courtney published false statements of fact, but it does not identify the words alleged to be false. Without the allegedly defamatory statement, the Complaint supplies no factual basis from which the Court can determine what proposition Courtney allegedly communicated, whether it is capable of being proven true or false, whether it is susceptible to a defamatory meaning, or whether falsity has been plausibly alleged. Calling unidentified "statements of fact" false is a conclusion corresponding to an element of the cause of action, not the factual matter required by *Twombly* and *Iqbal*.

This deficiency is particularly significant under Fourth Circuit precedent. In *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993), the Fourth Circuit recognized that although a court considering a motion to dismiss must credit a plaintiff's allegation that a challenged statement is factually false, vague and conclusory allegations of falsity are insufficient to identify the particular factual assertions alleged to be false. Here, Plaintiff goes a step further: Count XII does not identify or quote the allegedly false statements attributed to Courtney at all. Without identifying the substance of those statements with sufficient specificity, the Complaint does not provide the factual matter necessary to determine whether an actionable defamatory statement has been plausibly alleged.

West Virginia law also distinguishes actionable false statements of fact from protected expressions of opinion. *Maynard v. Daily Gazette Co.*, 191 W. Va. 601, 606, 447 S.E.2d 293, 298 (1994). Without identifying the actual words attributed to Courtney, the Complaint does not provide sufficient factual content to permit that threshold determination.

**B. The false-light theory likewise requires falsity.**

West Virginia recognizes false light invasion of privacy, but falsity remains essential. *Crump*, 320 S.E.2d at 87-88.

The Complaint does not identify a materially false factual representation by Courtney that supplies the alleged false light. Its allegations that Courtney acted with knowledge of falsity or reckless disregard and caused reputational injury do not cure the threshold problem: before

those conclusions can be evaluated, the Complaint must plausibly identify the false factual matter upon which they depend.

Accordingly, Count XII fails to plead sufficient facts establishing the false and actionable factual representation required for defamation or false light and should be dismissed under Rule 12(b)(6).

## V. DEFENDANT PRESERVES HER RULE 12(b)(5) OBJECTION TO INSUFFICIENT SERVICE

Defendant separately preserves her objection to insufficient service of process under Rule 12(b)(5). On August 13, 2026, after learning that a summons naming her had been filed, Defendant contacted Plaintiff's counsel and expressly offered to coordinate acceptance of service. See Courtney Decl. ¶ 2 & Ex. A.

On August 25, 2026, Defendant accepted service from the process server but was provided only the summons, not the Complaint referenced in it. Rule 4(c)(1) requires that a summons be served with a copy of the complaint. After Defendant notified the process server of the omission, he electronically transmitted a file identified as "marion co complaint.pdf" at 8:02 p.m. that evening. Defendant later documented the circumstances in writing to Plaintiff's counsel. See Courtney Decl. ¶¶ 3-7 & Exs. B-C.

Defendant has made no attempt to avoid or delay these proceedings and has treated August 25, 2026 as the date from which to calculate her response period. She therefore preserves the Rule 12(b)(5) objection but does not rely upon the service defect as the principal basis for dismissal. The Declaration and Exhibits A-C are submitted solely in support of this service issue and are not offered as evidence in support of the Rule 12(b)(6) arguments above.

## VI. ALTERNATIVE REQUEST REGARDING SUPPLEMENTAL JURISDICTION

If the Court dismisses Count VII, the federal claim asserted specifically against Courtney, but does not dismiss Count XII under Rule 12(b)(6), Defendant respectfully requests that the Court consider declining to exercise supplemental jurisdiction over the remaining state-law claim against her. Under 28 U.S.C. § 1367(c)(3), a district court may decline supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction."

Accordingly, if no federal claim remains against Courtney, dismissal of Count XII without prejudice under § 1367(c) is requested in the alternative.

## VII. CONCLUSION AND REQUESTED RELIEF

For the reasons above, Defendant respectfully requests that the Court dismiss Counts VII and XII as asserted against her under Federal Rule of Civil Procedure 12(b)(6), with prejudice. Alternatively, Defendant requests the relief set forth in Section VI regarding supplemental jurisdiction over Count XII. Defendant further preserves her Rule 12(b)(5) objection and requests such relief concerning insufficient service as the Court deems appropriate.

Respectfully submitted,

/s/ Carole Renee Courtney

Carole Renee Courtney
Defendant, Pro Se
1711 Hamill Ave.
Clarksburg, WV 26301
304-844-4206
renee.mtnstatement@gmail.com