# EXHIBIT C

August 31, 2026 Follow-Up Correspondence to Plaintiff's Counsel Regarding Service

Gmail **C. Renee Courtney <renee.mtnstatement@gmail.com>**

# Notice of Willingness to Accept Service – Civil Action No. 1:26-cv-66

**C. Renee Courtney** <renee.mtnstatement@gmail.com> Mon, Aug 31, 2026 at 7:30 AM
To: steve@newlawoffice.com, paratrooper1955@gmail.com, "C. Renee Courtney" <renee.mtnstatement@gmail.com>

Subject: Civil Action No. 1:26-cv-66 – Follow-Up Regarding Service

Mr. New,

I am writing regarding the attempted service of the summons and complaint in the above-referenced matter on August 25, 2026, and to formally document several concerns regarding the manner in which service was handled.

I had intended to address these issues sooner; however on Wednesday morning August 26, my son experienced an emergent medical crisis requiring hospitalization. I remained with him at the hospital until his discharge on Friday evening, August, 28th. I am therefore addressing these matters at the first reasonable opportunity following his release.

As you are aware, on August 13, 2026, I contacted you directly and provided written correspondence expressly advising that I was fully prepared to accept service. I explained that I work during normal business hours and would not ordinarily be present at my residence during the day, and that an unannounced attempt at my home would unnecessarily disrupt both my workday and my husband, who works overnight and sleeps during the day.

I specifically offered to coordinate a mutually convenient time and place for service and provided both my telephone number and email address for that purpose. I received no response via my email or phone number included in the attached correspondence.

Nevertheless, on August 25, 2026, I received a telephone call from a process server who had already attempted service at my residence. As I had advised you twelve days earlier, I was working and was not available at my residence where my husband was sleeping after working an overnight shift. I was required to interrupt my workday and leave work in order to meet the process server and accept service before he headed to Fairmont to serve the other parties named in the civil action.

Upon doing so, I was provided only a one-page summons. The summons, which is dated August 3, 2026, states that I am required to serve an answer to the "attached complaint"within 21 days. Yet no complaint was attached or otherwise provided to me with the summons.

After discovering the omission, I contacted the process server. He advised me that his instructions were only to deliver the summons and that he had not been provided the complaint for service upon me. He is included on this correspondense and he can, of course, verify both the circumstances of service and our subsequent communication.

Despite the fact that the complaint referenced in the summons was not served with it, my intention remains the same as it was when I contacted you on August 13: I have no interest in avoiding or delaying these proceedings. In order to avoid further unnecessary delay, I agreed to accept an electronic copy of the complaint from the process server, which I can confirm I received by email later that evening.

For purposes of my response, I will calculate the 21-day period referenced in the summons from August 25, 2026, the date on which service was attempted and I obtained the complaint electronically later that evening. You can expect my response within that period.

I am disappointed that my August 13 correspondence was simply ignored. The entire purpose of contacting you in advance was to facilitate service while avoiding precisely the unnecessary disruption that ultimately occurred. A brief response coordinating service would have accomplished that without inconvenience to anyone and would also have ensured that the documents identified in the summons were actually provided at the time of service.

I am sending this correspondence as a matter of record and to document both my prior effort to facilitate service and the circumstances under which the summons and complaint were ultimately provided to me.

A copy of the original attachment is included for your convenience.

Respectfully,
/s/ C. Renee Courtney

cc self
cc John Miller, process server

---

**Notice of Willingness to Accept Service - Civil Action No. 1-26-cv-66.pdf**
57K

**August 13, 2026**

Stephen P. New
Stephen New & Associates
430 Harper Park Drive
Beckley, WV 25801

**Re: Civil Action No. 1:26-cv-66**

It has come to my attention that a summons naming me in Civil Action No. 1:26-cv-66 was filed on August 3, 2026.

Given that ten days have now passed since the summons was filed, I am contacting you, as counsel for the plaintiff, to advise that I am fully prepared to accept service.

Although the address listed on the summons is correct, I work during normal business hours and would not be present at my residence during the times service would most likely be attempted. Coordinating service in advance would avoid unnecessary delay, expense, and disruption, including disturbance to my husband, who works the overnight shift and sleeps during the day.

In an effort to facilitate timely service, I am available to make arrangements to accept service at a time that works for you.

I can be reached by telephone at 304-844-4206 or by email at renee.mtnstatement@gmail.com to coordinate a mutually convenient time and place.

Thank you for your attention to this matter.

Respectfully,
/s/C. Renee Courtney
1711 Hamill Ave.
Clarksburg, WV 26301

renee.mtnstatement@gmail.com
304-844-4206