**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

**MICHAEL BOWMAN,**

**Plaintiff,**

**v.** **Civil Action No.: 1:26-CV-66 (Kleeh)**

**TOWN OF WORTHINGTON, WEST VIRGINIA;**
**DEBORAH K. HEFLIN, in her individual and official capacities as Mayor of the Town of Worthington;**
**OFFICER GUMP, in his individual capacity;**
**JOHN DOE OFFICER #2, individually;**
**ROGER CUNNINGHAM, as Sheriff of Marion County, in his individual and official capacities;**
**MARION COUNTY, WEST VIRGINIA;**
**DEREK [LAST NAME UNKNOWN], individually;**
**RENEE COURTNEY,**

**Defendants.**

**DEFENDANT DEBORAH K. HEFLIN IN HER INDIVIDUAL AND OFFICAL CAPACITIES AS MAYOR OF THE TOWN OF WORTHINGTON'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Deborah K. Heflin (hereinafter referred to as Defendant or Heflin), by counsel, Bridgette R. Wilson, Greyson C. Teets, and the law firm of Busch, Zurbuch & Thompson, PLLC, and answers Plaintiff's Complaint as follows:

Without assuming the burden of proof as to any matters as to which Plaintiff bears the burden of proof, this Defendant asserts the following defenses:

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Defendant raises and preserves the defenses of qualified immunity, absolute immunity, and any other immunity available to this Defendant pursuant to the United States Constitution, the

United States Code, the West Virginia State Constitution, the West Virginia Code, and other applicable federal and state law.

**Third Affirmative Defense**

Defendant is entitled to immunity from liability and any award of damages because she did not cause the deprivation of any clearly established constitutional right or privilege of Plaintiff.

**Fourth Affirmative Defense**

Defendant is entitled to qualified immunity from liability because her conduct, at all times relevant herein, did not violate any clearly established statutory or constitutional rights of Plaintiff of which reasonable persons should have been aware.

**Fifth Affirmative Defense**

Defendant's actions at all relevant times were objectively reasonable under the existing facts and circumstances.

**Sixth Affirmative Defense**

Defendant believed in good faith that Plaintiff's conduct on April 15, 2026, warranted contact with law enforcement based on the totality of the circumstances known to her at the time, including Plaintiff's actions while in the town hall, his repeated requests for an interview and/or statement after being told she would not speak with him, and the context of his prior conduct at the April 14, 2026, Sewer Board meeting.

**Seventh Affirmative Defense**

Any claim for punitive damages against this Defendant violates her right to procedural due process under the Fourteenth Amendment of the United States Constitution.

**Eighth Affirmative Defense**

This Defendant asserts and reserves unto herself the provisions of W. Va. Code § 55-7-29 concerning limitations on punitive damages and asserts that punitive damages are not recoverable against this Defendant pursuant to that statute.

**Ninth Affirmative Defense**

Any claim for punitive damages against this Defendant violates her right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and Article III §5 of the West Virginia State Constitution.

**Tenth Affirmative Defense**

Defendant raises and preserves the defenses of the statute of limitations, waiver, and estoppel to the extent any of them prove applicable.

**Eleventh Affirmative Defense**

Defendant raises and preserves each and every defense set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure that prove applicable, and she reserves the right to raise such additional defenses as may appear appropriate following discovery and factual development of this case.

**Twelfth Affirmative Defense**

To the extent Plaintiff's Complaint seeks punitive damages from this Defendant, this Defendant affirmatively asserts that the Complaint violates her right to equal protection under the law and is otherwise unconstitutional under the Fourteenth Amendment to the United States Constitution and Article III, § 1 of the Constitution of the State of West Virginia and all other applicable provisions thereof.

**Thirteenth Affirmative Defense**

Plaintiff's alleged injuries, if any, were caused in whole or in part by Plaintiff's own conduct, including but not limited to his failure to comply with lawful directives, his interference with town business, and his conduct in and around Worthington town hall on April 14 and April 15, 2026.

**Fourteenth Affirmative Defense**

This Defendant asserts that all actions were taken in good faith with a belief in their lawfulness.

**Fifteenth Affirmative Defense**

This Defendant did not personally arrest, detain, or use any physical force against Plaintiff. Any alleged constitutional violations arising from the arrest, physical handling, or detention of Plaintiff were committed, if at all, by other individuals over whom Defendant exercised no direct control and for whose conduct she bears no legal responsibility.

**Sixteenth Affirmative Defense**

This Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, asserts and reserves unto herself the defense that the injuries and damages claimed by Plaintiff herein, if any, were proximately caused or brought about by persons or entities other than this Defendant, over whom this Defendant had no control and for whom she bears no responsibility, as the same may prove applicable as discovery proceeds and evidence is developed in this case.

**Seventeenth Affirmative Defense**

This Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, asserts and reserves unto herself the defense that Plaintiff has failed or

may have failed to mitigate damages, if any, as the same may prove applicable as discovery proceeds and evidence is developed in this case.

**Eighteenth Affirmative Defense**

Any actions taken by Defendant were performed in her official capacity as Mayor of the Town of Worthington and within the scope of her official duties. Plaintiff's Complaint fails to state a cause of action against her individually. To the extent any claim seeks damages against Defendant in her official capacity, such claims are barred or redundant of claims against the Town of Worthington.

**Nineteenth Affirmative Defense**

To the extent Plaintiff seeks to hold Defendant liable under a theory of conspiracy, Plaintiff has failed to allege sufficient facts to support the existence of an agreement, meeting of the minds, or concerted action between Defendant and other alleged conspirators. Defendant's conduct, as alleged, does not rise to the level of a constitutional conspiracy.

**Twentieth Affirmative Defense**

Plaintiff cannot establish causation between any alleged conduct by Defendant and the specific constitutional injuries alleged. The injuries alleged, including arrest, detention, bond amount, and physical force, were the direct result of decisions and actions by other individuals, including arresting officers and judicial officers, over whom Defendant exercised no control.

**Twenty First Affirmative Defense**

This Defendant reserves his right to assert additional affirmative defenses to the extent that the same may be revealed to be applicable during discovery and/or the course of litigating this action.

**Twenty Second Affirmative Defense**

Without waiving the aforementioned defenses, this Defendant states as follows in further

answer to Plaintiff's Complaint:

1. In response to Paragraph 1 of Plaintiff's Complaint, this Defendant states it is simply a summary of the Complaint with no allegation that needs answered.
2. In response to Paragraph 2 of Plaintiff's Complaint, this Defendant denies the allegations as they relate to her but is without sufficient information to admit or deny the remaining allegations therein.
3. In response to Paragraph 3 of Plaintiff's Complaint, this Defendant denies the allegations as they relate to her but is without sufficient information to admit or deny the remaining allegations therein.
4. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint.
5. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint.
6. Paragraph 6 of Plaintiff's Complaint does not state a claim for relief which requires a response. To the extent that Paragraph 6 states a cause of action against this Defendant, Paragraph 6 is denied.

**JURISDICTION AND VENUE**

7. The statutes and Constitutional provisions cited in Paragraph 7 of Plaintiff's Complaint speak for themselves and no response is required. To the extent a response is required or states a cause of action against this Defendant, Paragraph 7 is denied.
8. Paragraph 8 of Plaintiff's Complaint does not state the cause of action to which a response is required, but admits the alleged events occurred in Marion County, West Virginia.

9. Paragraph 9 of Plaintiff's Complaint does not state a cause of action to which a response is required.

**PARTIES**

10. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11. This Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12. This Defendant denies she serves as the Mayor of the Town of Worthington as alleged in Paragraph 12 of Plaintiff's Complaint but admits she was serving in such capacity on April 14 and April 15 of 2026 and was acting in her official capacity at all relevant times therein. This Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint to the extent it seeks to state a claim against this Defendant.

13. Paragraph 13 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

14. Paragraph 14 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

15. Paragraph 15 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

16. Paragraph 16 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

17. This Defendant admits that at all relevant times Darrick [sic] was an employee of the Town of Worthington engaged in municipal work as alleged in Paragraph 17 of Plaintiff's Complaint but is without sufficient information to admit or deny the remaining allegations therein.

18. Paragraph 18 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant denies she acted in concert with Courtney but lacks sufficient information to admit or deny the remaining allegations contained therein.

**FACTUAL ALLEGATIONS**

19. This Defendant admits that on occasion residents reported raw sewage backing up into their homes, basements, and yards as alleged in Paragraph 19 of Plaintiff's Complaint but is without sufficient information to admit or deny the remaining allegations contained therein.

20. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. This Defendant admits that on the evening of April 14, 2026, Plaintiff attended a regularly scheduled meeting of the Worthington Sewer Boad, held in the Worthington town hall and open to the public wherein he filmed the proceedings using a hand-held camera as alleged in Paragraph 21 of Plaintiff's Complaint, but is without sufficient information to admit or deny the remaining allegations therein.

22. This Defendant denies there was a public comment portion of the meeting and the characterization ordering the public to leave as alleged in Paragraph 22 of Plaintiff's Complaint but admits she did adjourn the meeting at its conclusion and stayed to talk to two people about unrelated topics.

23. This Defendant admits that at the meeting she initially advised the Plaintiff to call town hall the next day and provided Plaintiff with the number to city hall as alluded to in Paragraph 23 of Plaintiff's Complaint but, in further answer to Paragraph 23, states that upon exiting the building and observing the behavior of Plaintiff, this Defendant stated that she would not give an interview to Plaintiff and denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Paragraph 24 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

25. This Defendant denies Plaintiff did not enter, attempt to enter, or place any part of his body in a restricted area of the office as alleged in Paragraph 25 of Plaintiff's Complaint and denies she agreed to give Plaintiff an interview (although initially she told Plaintiff to call town hall the next day) but admits the remaining allegations therein.

26. Defendant admits that a Frontier Communications worker was present in the town hall and witnessed the encounter that followed, that this Defendant did not provide a statement to Plaintiff (as she stated the previous night) although Plaintiff requested one, and admits she withdrew to a back office to make a phone call as alleged in Paragraph 26 of Plaintiff's Complaint, but denies the remaining allegation contained in Paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant states she did not witness aggressive behavior by the Officers, but she lacks sufficient information to admit or deny the allegations contained therein.

28. Paragraph 28 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein. In further answer to Paragraph 28, although this Defendant was standing in the doorway when the officers came to town hall , she did not witness the officers engaged in motions designed to make Plaintiff appear to be resisting.

29. Paragraph 29 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

30. Paragraph 30 Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

31. Paragraph 31 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

32. Paragraph 32 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.
33. This Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint to the extent it alleges this Defendant released false information and statements or worked in concert with others as alleged in Paragraph 33 of Plaintiff's Complaint, but without sufficient information to admit or deny the remaining allegations contained therein.
34. Paragraph 34 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.
35. This Defendant denies Paragraph 35 of Plaintiff's Complaint

**CLAIMS FOR RELIEF**
**COUNT 1**
**First Amendment Retaliation**
**42 U.S.C. §1983**
**(Against the Individual Defendants)**

36. This Defendant reasserts her answers to Paragraphs 1 through 35 to Plaintiff's Complaint as if stated fully herein.
37. Paragraph 37 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent Paragraph 37 states a cause of action against this Defendant Paragraph 37 is denied.
38. This Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint as they relate to her and denies Plaintiff was at all times standing in an unrestricted common area of town hall.

39. This Defendant denies the allegation in Paragraph 39 of Plaintiff's Complaint.

**COUNT II**
**First Amendment Right to Record Public Officials**
**42 U.S.C. §1983**
**(Against the Individual Defendants)**

40. This Defendant reasserts her answers to Paragraphs 1 through 39 to Plaintiff's Complaint as if stated fully herein.

41. Paragraph 41 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent Paragraph 42 states a cause of action against this Defendant, the Paragraph is denied.

42. This Defendant denies the allegation in Paragraph 42 of Plaintiff's Complaint.

**COUNT III**
**Fourth Amendment False Arrest and Unlawful Seizures**
**42 U.S.C. §1983**
**(Against Defendants Gump and John Doe Officer #2)**

43. This Defendant reasserts her answers to Paragraphs 1 through 42 to Plaintiff's Complaint as if stated fully herein.

44. The allegations in Paragraph 44 of Plaintiff's Complaint state legal conclusions and do not state a cause of action against this Defendant; therefore, no response is required. To the extent a response is required, this Defendant states the Constitution speaks for itself and if a cause of action is asserted against this Defendant, this Paragraph is denied.

45. This Defendant denies Plaintiff was, at all times, standing in an unrestricted common area of town hall as alleged in Paragraph 45 of Plaintiff's Complaint, but the remaining allegations state legal conclusions to which no response is required. To the extent a response is required, this Defendant is without sufficient information to admit or deny the remaining allegations contained therein.

46. Paragraph 46 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

**COUNT IV**
**Fourth amendment Excessive Force**
**42 U.S.C. §1983**
**(Against Defendants Gump and John Doe Officer #2)**

47. This Defendant reasserts her answers to Paragraphs 1 through 46 of Plaintiff's Complaint as if cited fully herein.

48. This Defendant is without sufficient information to admit or deny whether or not Plaintiff was charged with a nonviolent misdemeanor, posed no threat, did not resist, and did not attempt to flee as alleged in Paragraph 48 of Plaintiff's Complaint. The remaining allegations therein state legal conclusions to which no response is required. The Constitution and its Amendments speak for themselves. To the extent Paragraph 48 states a claim against this Defendant, they are denied.

49. Paragraph 49 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein. In further response to Paragraph 49, although she was standing in the doorway when the officers came to town hall, this Defendant states that she did not witness the aggressive behavior described in Paragraph 49 or the deliberate use of unnecessary and theatrical force described therein.

**COUNT V**
**Eighth and Fourteenth Amendments, Excessive Bail**
**42 U.S.C. § 1983**
(Against Defendant Marion County)

50. This Defendant reasserts her answers to Paragraphs 1 through 49 of Plaintiff's Complaint as if cited fully herein.

51. Paragraph 51 of Plaintiff's Complaint states legal conclusions to which no response is required. The constitution and its amendments speak for themselves. To the extent this Paragraph seeks to state a claim against this Defendant, Paragraph 51 is denied.

52. Paragraph 52 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant lacks sufficient information to admit or deny the allegations contained therein.

**COUNT VI**
**Municipal Liability, Monell Claims**
**42 U.S.C. § 1983**
(Against the Town of Worthington and Marion County)

53. This Defendant reasserts her answers to Paragraphs 1 through 52 of Plaintiff's Complaint as if cited fully herein.

54. The liability under 42 U.S.C. §1983 as discussed in Paragraph 54 of Plaintiff's Complaint states legal conclusions to which no response is required. This Defendant denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Paragraph 55 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent a further response is required, this Defendant is without sufficient information to admit or deny the allegations contained therein.

56. Paragraph 56 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent Paragraph 56 of Plaintiff's Complaint seeks to state a claim against this Defendant, Paragraph 56 is denied.

**COUNT VII**
**Conspiracy to Interfere with Civil Rights**
**42 U.S.C. § 1983**
(Against the Individual Defendants and Renee Courtney)

57. This Defendant reasserts her answers to Paragraphs 1 through 56 of Plaintiff's Complaint as if cited fully herein.

58. Paragraph 58 of Plaintiff's Complaint is denied.

**COUNT VIII**
**False Imprisonment**
**W. Va. Code §§ 29-12A-1, et seq.; 29-12A-4(c)(2); 55-2-12(b)**
(Against Defendants Gump, Officer #2, the Sheriff, and Marion County)

59. This Defendant reasserts her answers to Paragraphs 1 through 58 of Plaintiff's Complaint as if cited fully herein.

60. Paragraph 60 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent Paragraph 60 seeks to state a claim against this Defendant, Paragraph 60 is denied.

**COUNT IX**
**Malicious Prosecution**
**W. Va. Code §§ 61-5-17(a); 55-2-12(c)**
(Pleaded Conditionally) (Against the Individual Defendants)

61. This Defendant reasserts her answers to Paragraphs 1 through 60 of Plaintiff's Complaint as if cited fully herein.

62. Paragraph 62 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent Paragraph 62 seeks to state a claim against this Defendant, Paragraph 62 is denied.

**COUNT X**
**Intentional Infliction of Emotional Distress/Tort of Outrage**
**W. Va. Code § 55-2-12(b)**
(Against Defendants Mayor Deborah, Gump, Officer #2, and Derek)

63. This Defendant reasserts her answers to Paragraphs 1 through 62 of Plaintiff's Complaint as if cited fully herein.

64. Paragraph 64 of Plaintiff's Complaint is denied.

**COUNT XI**
**Civil Assault**
**W. Va. Code § 55-2-12(b)**
(Against Defendant Derek)

65. This Defendant reasserts her answers to Paragraphs 1 through 64 of Plaintiff's Complaint as if cited fully herein.

66. Paragraph 66 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent Paragraph 66 seeks to state a claim against this Defendant, Paragraph 66 is denied.

**COUNT XII**
**Defamation and False Light Invasion of Privacy**
**W. Va. Code § 55-2-12(c)**
(Against Defendant Renee Courtney)

67. This Defendant reasserts her answers to Paragraphs 1 through 66 of Plaintiff's Complaint as if cited fully herein.

68. Paragraph 68 of Plaintiff's Complaint contains no factual allegations or assertions against this Defendant and, therefore, no response is required. To the extent Paragraph 68 seeks to state a claim against this Defendant, Paragraph 68 is denied.

WHEREFORE, Defendant, Deborah K. Heflin, respectfully requests that this Court deny the Plaintiff the relief sought in his Complaint and further requests entry of judgment in this Defendant's favor and award her costs and fees incurred in defending this matter.

TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.

**DEBORAH K. HEFLIN,**

**Defendant,**

**By counsel,**

/s/ Bridgette R. Wilson
Bridgette R. Wilson, Esq.
WV State Bar No. 6400
Greyson C. Teets, Esq.
WV State Bar No. 14493
Busch, Zurbuch & Thompson, PLLC
P.O. Box 1819
Elkins, WV 26241
Ph. (304) 636-3560 / F. (304) 636-2290
bwilson@bztlaw.com / gteets@bztlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

**MICHAEL BOWMAN,**

**Plaintiff,**

**v.** **Civil Action No.: 1:26-CV66 (Kleeh)**

**TOWN OF WORTHINGTON, WEST VIRGINIA;**
**DEBORAH K. HEFLIN, in her individual and official capacities as Mayor of the Town of Worthington;**
**OFFICER GUMP, in his individual capacity;**
**JOHN DOE OFFICER #2, individually;**
**ROGER CUNNINGHAM, as Sheriff of Marion County, in his individual and official capacities;**
**MARION COUNTY, WEST VIRGINIA;**
**DEREK [LAST NAME UNKNOWN], individually;**
**RENEE COURTNEY,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, Bridgette R. Wilson, counsel for Deborah K Heflin, in her individual and official capacities as Mayor of the Town of Worthington, do hereby certify that on September 15, 2026, I electronically filed the foregoing ***Defendant Deborah K. Heflin in Her Individual and Official Capacities as Mayor of the Town of Worthington's Answer to Plaintiff's Complaint*** with the Clerk of the Court using the CM/ECF system, which will send notification to the following counsel as CM/ECF participants:

**Stephen P. New, Esq.**
P.O. Box 5516
Beckley, WV 25801
steve@newlawoffice.com
*Counsel for Plaintiff*

**Tiffany R. Durst, Esq.**
Flaherty Sensabaugh Bonasso PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
tdurst@flahertylegal.com
*Counsel for Marion County, Roger Cunningham, as Sheriff, Officer Gump, John Doe Officer # 2, and Town of Worthington*

**Carole Renee Courtney**
1711 Hamill Ave.
Clarksburg, WV 26301
*Pro Se Defendant*

/s/ Bridgette R. Wilson
Bridgette R. Wilson, Esq.
WV State Bar No. 6400
Busch, Zurbuch & Thompson, PLLC
P.O. Box 1819
Elkins, WV 26241
Ph. (304) 636-3560 / F. (304) 636-2290
bwilson@bztlaw.com
*Counsel for Deborah K. Heflin*