**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

**MICHAEL BOWMAN,**

**Plaintiff,**

**v.**

**CIVIL ACTION NO. 1:26-CV-66**
**Judge Thomas S. Kleeh**

**TOWN OF WORTHINGTON, WEST VIRGINIA, DEBORAH K. HEFLIN, in her individual and official capacities as Mayor of the Town of Worthington; OFFICER GUMP, in his individual capacity; JOHN DOE OFFICER #2, individually; ROGER CUNNINGHAM, as Sheriff of Marion County, in his individual and official capacities; MARION COUNTY, WEST VIRGINIA; DEREK [LAST NAME UNKNOWN], individually; RENEE COURTNEY,**

**Defendants.**

## DEFENDANT, TOWN OF WORTHINGTON'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Town of Worthington, West Virginia (hereinafter the "Town"), by counsel, Tiffany R. Durst, Esq., and Flaherty Sensabaugh Bonasso, PLLC, without waiving any defenses, and hereby answers the Complaint filed by the Plaintiff herein, Michael Bowman (hereinafter "Plaintiff").

### PRELIMINARY STATEMENT

Because of the nature of the allegations in the Complaint and the fact that no discovery has been conducted to date in this matter, in order to preserve important legal rights and protections, the Town sets forth below certain affirmative defenses which, based upon the information set forth in the Complaint, it believes do apply or may apply to some or all of the

claims raised therein. As permitted by Rule 8(d)(2) of the Federal Rules of Civil Procedure, defenses to the claims made in the Complaint are being asserted alternatively and, in some instances, hypothetically. As a result, the Town reserves the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending upon the nature of the discovery in this matter.

**FIRST DEFENSE**

The Town, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the defense that the claims set forth in the Complaint fail or may fail to state claims against the Town upon which relief may be granted and should, therefore, be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

This responsive pleading has been prepared, served, and filed by counsel for the Town. As permitted by Rule 8(d)(2) of the Federal Rules of Civil Procedure, defenses to the claims made in the Complaint are being asserted alternatively and, in some cases, hypothetically. Defenses are being asserted regardless of their consistency and are based both on legal and equitable grounds. As the facts of this civil action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

The Town denies any and all allegations contained in the paragraphs and counts of the Complaint that allege or imply any negligence, intentional tort, unlawful acts, discrimination, retaliation, violation of public policy or other fault on the part of the Town; that allege or imply

any responsibility, failure to meet a responsibility, or violation of duty; or that allege of imply a violation of any common law, public policy, statutes, rules, regulations, or standards whatsoever, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

**FOURTH DEFENSE**

The Town, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the defense that the claims presented in the Complaint are or may be barred by reason of improper venue, lack of jurisdiction, insufficiency of process, and/or insufficiency of service of process, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

**FIFTH DEFENSE**

The Town, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the following defenses, as the same may prove applicable as discovery proceeds and the evidence is developed in this case: release, accord and satisfaction, *estoppel*, assumption of the risk, comparative fault, contributory negligence, waiver, *laches*, res judicata, collateral estoppel, statute of limitations, all affirmative defenses expressly set forth in Rule 8 of the Federal Rules of Civil Procedure, and failure to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

**SIXTH DEFENSE**

The Town reserves the right to assert the lack of applicability of all statutes cited by and relied upon by the Plaintiff and, therefore, Plaintiff's Complaint should be dismissed.

**SEVENTH DEFENSE**

The Town asserts as a defense that its actions, as alleged, do not contravene any substantial public policy, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

**EIGHTH DEFENSE**

The Town, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves the defense that if Plaintiff can prove a cause of action against it, then Plaintiff's damages are limited by case law and statute, including but not limited to *West Virginia Code* § *29-12A-1, et seq*.

**NINTH DEFENSE**

The damages of which the Plaintiff complains were not the proximate result of any act of omission or commission on the part of the Town, or any of its agents, servants or employees.

**TENTH DEFENSE**

The Town denies that it or any of its agents, servants, or employees engaged in any improper or wrongful conduct directed toward to Plaintiff.

**ELEVENTH DEFENSE**

The Town denies that any alleged acts or omissions, or any alleged acts or omissions of its agents, servants, or employees, proximately caused or contributed to any damage to Plaintiff.

**TWELFTH DEFENSE**

Not being fully advised as to all the facts and circumstances surrounding the allegations in the Complaint, the Town hereby invokes and asserts all affirmative defenses which may prove applicable herein, so as not to waive them, including, but not necessarily limited to,

those defenses specifically set forth in Rules 8(c), 9 and 12 of the Federal Rules of Civil Procedure, including lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, accord and satisfaction, arbitration and award, duress, estoppel, failure of consideration, fraud, laches, release, res judicata, statute of frauds, statute of limitations and collateral estoppel and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

**THIRTEENTH DEFENSE**

The Town denies that it engaged in any wrongful or improper conduct and, does not, by asserting affirmative defenses herein, assume the burden of proof in this case, which remains with the Plaintiff.

**FOURTEENTH DEFENSE**

The Town denies that it is liable to the Plaintiff in any amount or that Plaintiff is otherwise entitled to the recovery and/or the relief sought from the Town in Plaintiff's Complaint.

**FIFTEENTH DEFENSE**

The Town denies that Plaintiff is entitled to recover any attorney fees as alleged in the Complaint.

**SIXTEENTH DEFENSE**

The Town specifically reserves the right to plead any and all affirmative defenses not specifically raised herein that may arise during the course of discovery, during trial, or otherwise, in this case.

**SEVENTEENTH DEFENSE**

To the extent determined to be applicable, the Town pleads and asserts all benefits and protections afforded under *West Virginia Code Sections §§ 55-7-13a*, *55-7-13b*, *55-7-13c*, and *55-7-13d*.

**EIGHTEENTH DEFENSE**

The Town is immune from suit because its conduct was not in contravention of any clearly established Constitutional right or privilege of the Plaintiff.

**NINETEENTH DEFENSE**

The Town is entitled to qualified immunity because its conduct, at all times relevant, did not violate any clearly established constitutional or statutory rights of Plaintiff of which reasonable persons should have been aware.

**TWENTIETH DEFENSE**

The Town specifically asserts all common law, statutory and Constitutional immunities afforded under State and Federal law.

**TWENTY-FIRST DEFENSE**

The Town has, at all times, acted within its legal rights in the conduct of all of activities and with just cause.

**TWENTY-SECOND DEFENSE**

The injuries and damages alleged by Plaintiff were caused by the misconduct of Plaintiff and are in no way attributable to any improper conduct of the Town, or any of its employees, agents, or servants.

**TWENTY-THIRD DEFENSE**

If the Plaintiff suffered damage as alleged in the Complaint, said damage was the result of actions of the Plaintiff.

**TWENTY-FOURTH DEFENSE**

The Town asserts that Plaintiff cannot prove the essential legal elements required for any claim against it pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

**TWENTY-FIFTH DEFENSE**

In response to the allegations of the Complaint, the Town answers and avers as follows. Each allegation not specifically admitted is hereby denied.

**Alleged Introduction**

1. Paragraph 1 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 1 of Plaintiff's Complaint is deemed to be required, the Town would state that said Paragraph merely provides a summary of Plaintiff's claims alleged in the Complaint and, therefore, no response by the Town is required. To the extent that Paragraph 1 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, in any manner whatsoever, the Town denies the same and, therefore, demands strict proof thereof.

2. Insofar as Paragraph 2 of Plaintiff's Complaint can be construed as asserting any allegations against the Town, the Town denies the same and, therefore, demands strict proof thereof. Insofar as Paragraph 2 of Plaintiff's Complaint can be construed as asserting allegations against any other party, the Town lacks sufficient information or knowledge to form a belief as to said allegations.

3. Insofar as Paragraph 3 of Plaintiff's Complaint can be construed as asserting any allegations against the Town, the Town denies the same and, therefore, demands strict proof thereof. Insofar as Paragraph 3 of Plaintiff's Complaint can be construed as asserting allegations against any other party, the Town lacks sufficient information or knowledge to form a belief as to said allegations.

4. Paragraph 4 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to said Paragraph by the Town is required. To the extent that a further response by the Town to Paragraph 4 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to said allegations.

5. Insofar as Paragraph 5 of Plaintiff's Complaint can be construed as asserting any allegations against the Town, the Town denies the same and, therefore, demands strict proof thereof. Insofar as Paragraph 5 of Plaintiff's Complaint can be construed as asserting allegations against any other party, the Town lacks sufficient information or knowledge to form a belief as to said allegations.

6. Paragraph 6 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 6 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 6 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, in any manner whatsoever, sufficient to warrant any damages,

of whatever category or however identified by Plaintiff, the Town denies the same and, therefore, demands strict proof thereof.

**Alleged Jurisdiction and Venue**

7. Paragraph 7 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 7 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 7 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, in any manner whatsoever, sufficient to confer any jurisdiction in this Court, the Town denies the same and, therefore, demands strict proof thereof. The Town furthers denies that Plaintiff has any valid claim against it pursuant to any constitutional and/or statutory provision.

8. Paragraph 8 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 8 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 8 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, in any manner whatsoever, sufficient to confer any venue in this Court, the Town denies the same and, therefore, demands strict proof thereof.

9. Paragraph 9 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To

the extent that a response by the Town to Paragraph 9 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 9 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, in any manner whatsoever, the Town affirmatively asserts that Plaintiff has no viable claims against it which would require any jury resolution.

**Alleged Parties**

10. The Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The Town admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 12 of Plaintiff's Complaint is deemed to be required, the Town admits that Defendant Deborah Heflin was serving as the Town's Mayor on April 14, 2026 and April 15, 2026. To the extent that any further response by the Town to Paragraph 12 of Plaintiff's Complaint is deemed to be required, the Town denies any remaining allegations.

13. Paragraph 13 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 13 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 14 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Paragraph 15 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 15 of Plaintiff's Complaint is deemed to be required, the Town admits that Defendant Roger Cunningham was serving as the Sheriff of Marion County, West Virginia on April 14, 2026 and April 15, 2026. To the extent that any further response by the Town to Paragraph 15 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 16 of Plaintiff's Complaint is deemed to be required, the Town admits the allegations contained in said Paragraph.

17. Paragraph 17 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 17 of Plaintiff's Complaint is deemed to be required, the Town admits that Darrick [sic] was an employee of the Town at the times relevant in Plaintiff's Complaint; however, the Town lacks sufficient information or knowledge to form a belief as to the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Paragraph 18 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 18 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint.

**Alleged Factual Allegations**

19. With respect to the allegations contained in Paragraph 19 of Plaintiff's Complaint, the Town admits that, on occasion, residents reported issues with raw sewage backing up into homes, basements, and yards. The Town lacks sufficient information or knowledge to form a belief as to the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Paragraph 20 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 20 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. With respect to the allegations contained in Paragraph 21 of Plaintiff's Complaint, the Town admits that Plaintiff attended a regularly scheduled meeting of the Worthington Sewer Board on the evening of April 14, 2026, which meeting was held in the Town Hall and open to the public. Upon information and belief and subject to confirmation of the same through discovery, the Town further admits that Plaintiff filmed the proceedings using a hand-held recording device. The Town lacks sufficient information or knowledge to form a belief as to the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Paragraph 22 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 22 of Plaintiff's Complaint is deemed to be required, the Town denies that there was a public comment portion of the April 14, 2026 meeting and further denies the characterization that then Mayor Deborah Heflin (hereinafter "Defendant Heflin") ordered members of the public to leave, as alleged in Paragraph 22 of Plaintiff's Complaint. The Town admits that Defendant Heflin did adjourn the meeting at its conclusion. Any remaining allegations contained in Paragraph 22 of Plaintiff's Complaint are hereby denied.

23. Paragraph 23 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 23 of Plaintiff's Complaint is deemed to be required, upon information and belief, the Town admits that Defendant Heflin provided Plaintiff the number to the Town hall, but that Defendant Heflin later advised Plaintiff she would not provide Plaintiff an interview based on the observed actions of Plaintiff. Any remaining allegations contained in Paragraph 23 of Plaintiff's Complaint are hereby denied.

24. Paragraph 24 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 24 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's Complaint. Insofar as Paragraph 24 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, in any manner whatsoever, sufficient to confer

any jurisdiction in this Court, the Town denies the same and, therefore, demands strict proof thereof.

25. Paragraph 25 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 25 of Plaintiff's Complaint is deemed to be required, the Town denies that Plaintiff did not enter, attempt to enter, or place any part of his body in a restricted area of the Town office, as alleged in Paragraph 25 of Plaintiff's Complaint. Upon and information and belief, the Town further denies that Defendant Heflin agreed to provide Plaintiff an interview. Upon further information and belief, the Town admits that Plaintiff entered through the public entrance with a recording device. The Town lacks sufficient information or knowledge to form a belief as to the allegation that Plaintiff was "unarmed", as alleged in Paragraph 25 of Plaintiff's Complaint. Any remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are hereby denied.

26. Paragraph 26 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 26 of Plaintiff's Complaint is deemed to be required, upon information and belief, the Town admits that a Frontier Communications worker was present at the Town Hall on April 15, 2026 and is believed to have witnessed the encounter between Plaintiff and Defendant Heflin. Upon information and belief, the Town admits that Defendant Heflin did not provide a statement to Plaintiff on April 15, 2026 and, further, that Defendant Heflin moved to a back office location to place a telephone call, as alleged in Paragraph 26 of Plaintiff's Complaint. Any remaining allegations contained in Paragraph 26 of Plaintiff's Complaint are hereby denied.

27. Paragraph 27 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 27 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Paragraph 28 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 28 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Paragraph 29 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 29 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Paragraph 30 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 30 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Paragraph 31 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 31 of Plaintiff's Complaint is deemed to be

required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Paragraph 32 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 32 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Insofar as Paragraph 33 of Plaintiff's Complaint can be construed as asserting any allegations against the Town, the Town denies the same and, therefore, demands strict proof thereof. Insofar as Paragraph 33 of Plaintiff's Complaint can be construed as asserting allegations against any other party, the Town lacks sufficient information or knowledge to form a belief as to said allegations.

34. Paragraph 34 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 34 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Insofar as Paragraph 35 of Plaintiff's Complaint can be construed as asserting any allegations against the Town, the Town denies the same and, therefore, demands strict proof thereof.

**Alleged Claims for Relief**
**Count I**
**Alleged First Amendment Retaliation**
**42 U.S.C. § 1983**
**(Against the Individual Defendants)**

36. With respect to the allegations contained in Paragraph 36 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 35 as if the same were fully set forth herein verbatim.

37. Paragraph 37 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 37 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required.

38. Paragraph 38 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 38 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 38 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, in any manner whatsoever, sufficient to warrant any damages, of whatever category or however identified by Plaintiff, the Town denies the same and, therefore, demands strict proof thereof.

39. Paragraph 39 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To

the extent that a response by the Town to Paragraph 39 of Plaintiff's Complaint is deemed to be required, the Town denies the allegations contained in said Paragraph.

**Count II**
**Alleged First Amendment Right to Record Public Officials**
**42 U.S.C. § 1983**
**(Against the Individual Defendants)**

40. With respect to the allegations contained in Paragraph 40 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 40 as if the same were fully set forth herein verbatim.

41. Paragraph 41 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 41 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required.

42. Paragraph 42 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 42 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 42 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, the Town denies the same and, therefore, demands strict proof thereof.

**Count III**
**Alleged Fourth Amendment False Arrest and Unlawful Seizure**
**42 U.S.C. § 1983**
**(Against Defendants Gump and John Doe Officer #2)**

43. With respect to the allegations contained in Paragraph 43 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 42 as if the same were fully set forth herein verbatim.

44. Paragraph 41 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 44 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required.

45. Paragraph 45 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 45 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Paragraph 46 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 46 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 46 of Plaintiff's Complaint.

**Count IV**
**Alleged Fourth Amendment Excessive Force**
**42 U.S.C. § 1983**
**(Against Defendants Gump and John Doe Officer #2)**

47. With respect to the allegations contained in Paragraph 43 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 46 as if the same were fully set forth herein verbatim.

48. Paragraph 48 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 48 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required.

49. Paragraph 49 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 49 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 49 of Plaintiff's Complaint.

**Count V**
**Alleged Eighth and Fourteenth Amendments, Excessive Bail**
**42 U.S.C. § 1983**
**(Against Defendants Marion County)**

50. With respect to the allegations contained in Paragraph 50 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 49 as if the same were fully set forth herein verbatim.

51. Paragraph 51 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To

the extent that a response by the Town to Paragraph 51 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required.

52. Paragraph 52 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 52 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 52 of Plaintiff's Complaint.

**Count VI**
**Alleged Municipal Liability, Monell Claims**
**42 U.S.C. § 1983**
**(Against the Town of Worthington and Marion County)**

53. With respect to the allegations contained in Paragraph 53 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 52 as if the same were fully set forth herein verbatim.

54. Insofar as Paragraph 54 of Plaintiff's Complaint can be construed as asserting any allegations against the Town, the Town denies the same and, therefore, demands strict proof thereof.

55. Paragraph 55 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 55 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Insofar as Paragraph 56 of Plaintiff's Complaint can be construed as asserting any allegations against the Town, the Town denies the same and, therefore, demands strict proof thereof.

**Count VII**
**Alleged Conspiracy to Interfere with Civil Rights**
**42 U.S.C. § 1983**
**(Against the Individual Defendants and Renee Courtney)**

57. With respect to the allegations contained in Paragraph 57 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 57 as if the same were fully set forth herein verbatim.

58. Paragraph 58 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 58 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 58 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, the Town denies the same and, therefore, demands strict proof thereof.

**Count VIII**
**Alleged False Imprisonment**
**W. Va. Code §§ 29-12A-1, et seq., 29-12A-4(c)(2), 55-2-12(b)**
**(Against Defendants Gump, Officer #2, the Sheriff, and Marion County)**

59. With respect to the allegations contained in Paragraph 59 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 58 as if the same were fully set forth herein verbatim.

60. Paragraph 60 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 60 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 60 of Plaintiff's Complaint.

**Count IX**
**Alleged Malicious Prosecution**
**(Against the Individual Defendants)**

61. With respect to the allegations contained in Paragraph 61 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 60 as if the same were fully set forth herein verbatim.

62. Paragraph 62 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 62 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 62 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, the Town denies the same and, therefore, demands strict proof thereof.

**Count X**
**Alleged Intentional Infliction of Emotional Distress/Tort of Outrage**
**W. Va. Code § 55-2-12(b)**
**(Against Defendants Mayor Deborah Heflin, Gump, Officer #2, and Derek)**

63. With respect to the allegations contained in Paragraph 63 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 62 as if the same were fully set forth herein verbatim.

64. Paragraph 64 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 64 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 64 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, the Town denies the same and, therefore, demands strict proof thereof.

**Count XI**
**Alleged Civil Assault**
**W. Va. Code § 55-2-12(b)**
**(Against Defendant Derek)**

65. With respect to the allegations contained in Paragraph 65 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 64 as if the same were fully set forth herein verbatim.

66. Paragraph 66 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 66 of Plaintiff's Complaint is deemed to be required, the Town would state the allegations contained therein are statements of law to which no response by the Town is required. To the extent that Paragraph 66 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Town, or any employee or agent thereof, the Town denies the same and, therefore, demands strict proof thereof.

**Count XII**
**Alleged Defamation and False Light Invasion of Privacy**
**W. Va. Code § 55-2-12(c)**
**(Against Defendant Renee Courtney)**

67. With respect to the allegations contained in Paragraph 67 of Plaintiff's Complaint, the Town reasserts its responses as set forth in numbered Paragraphs 1 through 66 as if the same were fully set forth herein verbatim.

68. Paragraph 68 of Plaintiff's Complaint contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town to Paragraph 68 of Plaintiff's Complaint is deemed to be required, the Town lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 68 of Plaintiff's Complaint.

**Alleged Prayer for Relief**

69. Plaintiff's alleged "Prayer for Relief" contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town is deemed to be required, the Town affirmatively asserts that Plaintiff has no viable claims against it which would require any damages in favor of Plaintiff. Accordingly, the Town denies that Plaintiff is entitled to any of the relief requested in subparagraphs (1) through (7) of Plaintiff's "Prayer for Relief".

**Alleged Jury Demand**

70. Plaintiff's alleged "Demand for Jury Trial" contains no factual allegations or assertions against the Town and, therefore, no response to the same by the Town is required. To the extent that a response by the Town is deemed to be required, the Town affirmatively asserts that Plaintiff has no viable claims against it which would require any jury resolution.

71. The Town specifically denies that it is liable to the Plaintiff for any alleged injuries and/or damages.

72. All allegations contained in Plaintiff's Complaint not specifically admitted herein are hereby denied.

**TWENTY-SIXTH DEFENSE**

Plaintiff's Complaint alleges legal duties owed and states several legal conclusions, which do not require a response. The Town's legal duties are defined by law as determined by the Court. Any such legal duties must be determined by the Court as it applies to West Virginia law.

**JURY DEMAND**

The Town respectfully demands a trial by Jury on all issues so triable.

**WHEREFORE**, Defendant, Town of Worthington, West Virginia demands that the Complaint filed against it be dismissed; that the Court award it all costs, including attorney's fees, expended in the defense of the instant civil action; and, for any further relief as may be authorized by law and deemed appropriate by this Court.

Dated this 15th day of September, 2026.

**Defendant, Town of Worthington, West Virginia, By Counsel:**

/s/ Tiffany R. Durst

Tiffany R. Durst, WV State Bar No. 7441

**FLAHERTY SENSABAUGH BONASSO PLLC**
48 Donley Street, Suite 501, Morgantown, West Virginia 26501
Telephone: (304) 598-0788 | Facsimile: (304) 598-0790
Email: tdurst@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

**MICHAEL BOWMAN,**

**Plaintiff,**

**v.**

**CIVIL ACTION NO. 1:26-CV-66**
**Judge Thomas S. Kleeh**

**TOWN OF WORTHINGTON, WEST VIRGINIA, DEBORAH K. HEFLIN, in her individual and official capacities as Mayor of the Town of Worthington; OFFICER GUMP, in his individual capacity; JOHN DOE OFFICER #2, individually; ROGER CUNNINGHAM, as Sheriff of Marion County, in his individual and official capacities; MARION COUNTY, WEST VIRGINIA; DEREK [LAST NAME UNKNOWN], individually; RENEE COURTNEY,**

**Defendants.**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendant, Town of Worthington, West Virginia, does hereby certify on this 15th day of September, 2026, that a true copy of the foregoing "***DEFENDANT, TOWN OF WORTHINGTON, WEST VIRGINIA'S ANSWER TO PLAINTIFF'S COMPLAINT***" was uploaded to the CM/ECF system to be served on all counsel of record as follows:

Stephen P. New, Esq.
STEPHEN NEW AND ASSOCIATES
P.O. Box 5516
430 Harper Park Drive
Beckley, WV 25801
*Counsel for Plaintiff*

Bridgette R. Wilson, Esq.
Busch, Zurbuch & Thompson, PLLC
P.O. Box 1819
Elkins, WV 26241
*Counsel for Defendant, Deborah K. Heflin*

And further certifies that a true copy was served on *Pro Se Defendant*, Carole Renee Courtney via email, as follows:

Carole Renee Courtney
1711 Hamill Avenue
Clarksburg, WV 26301
renee.mtnstatement@gmail.com
*Pro Se Defendant*

/s/ Tiffany R. Durst
Tiffany R. Durst, WV State Bar No. 7441

**FLAHERTY SENSABAUGH BONASSO PLLC**
48 Donley Street, Suite 501, Morgantown, West Virginia 26501
Telephone: (304) 598-0788 | Facsimile: (304) 598-0790
Email: tdurst@flahertylegal.com