**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

MICHAEL BOWMAN,

Plaintiff,

v. Civil Action No. 1:26-cv-00066-TSK

Chief Judge Thomas S. Kleeh

TOWN OF WORTHINGTON, WEST VIRGINIA, et al.,

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RENEE COURTNEY'S MOTION TO DISMISS**

Plaintiff Michael Bowman, by counsel, opposes Defendant Renee Courtney's Motion to Dismiss Counts VII and XII of the Complaint. The motion asks the Court to decide, on the pleadings alone, two questions that cannot be resolved without a factual record: whether Courtney acted in concert with state officials, and whether the statements she published were false. Under Rule 8 and the governing plausibility standard, the Complaint pleads both claims sufficiently. The motion should be denied. To the extent the Court concludes that Count XII lacks the specificity the movant demands, Plaintiff requests leave to amend in the alternative rather than dismissal.

## I. STANDARD OF REVIEW

A complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Rule 12(b)(6), a complaint requires "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has been explicit that this standard does "not require heightened fact pleading of specifics." *Id.* A claim crosses the line when the pleaded facts move it "from conceivable to plausible." *Id.* In applying the standard, a court sets aside allegations that are "no more than conclusions," then assumes the truth of the well-pleaded factual allegations and asks whether they "plausibly give rise to an entitlement to relief." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 679 (2009). The question is not whether the plaintiff will ultimately prevail, but whether the complaint states a plausible claim.

**II. COUNT VII STATES A SECTION 1983 CLAIM AGAINST COURTNEY.**

Count VII adequately pleads that Courtney is liable under Section 1983 as a private person who acted in willful joint action with state officials. A private party acts under color of state law when she is "a willful participant in joint activity with the State or its agents." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982). To plead a Section 1983 conspiracy, a plaintiff must allege that the defendants acted jointly in concert and that some overt act in furtherance of the agreement caused a deprivation of a constitutional right. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). The agreement itself need not be proved at this stage, but the pleaded facts must permit a plausible inference that it existed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Complaint supplies that inference. It alleges that Courtney acted in concert with one or more state actors (Compl. ¶ 18); that the named defendants, including Courtney, reached an agreement, express or tacit, to suppress Bowman's newsgathering, effect a false arrest, and publish false and damaging statements about him, with each performing overt acts in furtherance (Compl. ¶¶ 57–58); and that, after Bowman's release, Courtney published content concerning the arrest that included a photograph purporting to be his booking photograph, in coordination with or at the request of Worthington officials (Compl. ¶¶ 33, 58). The booking photograph is the concrete link. A private citizen does not ordinarily possess an arrestee's booking photograph; its publication supports the inference that Courtney obtained the image through the officials who arrested and processed Bowman, and that she and those officials shared the object of discrediting the journalist they had just jailed. That is willful joint participation, not parallel private conduct.

Courtney's authorities do not require dismissal. Two of them were decided at summary judgment and turn on an absence of evidence, not an absence of pleading. In *Hinkle*, the Fourth Circuit affirmed summary judgment because the plaintiffs produced no evidence of communication among the alleged conspirators, leaving only speculation. 81 F.3d at 421–22. Bowman has not yet had discovery; his burden now is to plead facts suggesting an agreement, not to prove one. *A Society Without a Name v. Virginia* was decided on the pleadings, but it dismissed a conspiracy alleged in nothing but labels: the complaint there asserted only that the defendants "entered into a conspiracy" and reached a "meeting of the minds," without identifying who agreed, what was communicated, or how. 655 F.3d 342, 346–47 (4th Cir. 2011). The defect was the absence of any concrete supporting fact. Here the Complaint pleads a specific overt act, publication of an apparently official booking photograph, that ties Courtney to the state actors and takes this case out of the bare-recital category.

*Barrett v. PAE Government Services* does not compel a different result. There the Fourth Circuit affirmed dismissal of a Section 1983 conspiracy claim against private defendants because the only connection pleaded between them and the police was that officers met with the private parties when dispatched to investigate a complaint, an interaction the court found consistent with the ordinary response of police to a citizen report, and therefore insufficient to suggest a shared unlawful objective. 975 F.3d 416, 434–35 (4th Cir. 2020). This case is different in the way *Barrett* makes decisive. Bowman does not rest on an ordinary police-citizen interaction; he pleads that Courtney published material she could only have obtained through the officials themselves, in coordination with or at their request, to accomplish the same end their arrest served. Those allegations plausibly suggest an agreement rather than merely being consistent with one, and Count VII should not be dismissed. In the alternative, if the Court finds the agreement allegations

insufficiently specific, the proper course is leave to amend rather than dismissal with prejudice, and Plaintiff can plead the coordination facts with greater particularity.

**III. COUNT XII STATES A CLAIM FOR DEFAMATION AND FALSE LIGHT.**

West Virginia recognizes six elements of a private-plaintiff defamation claim: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, syl. pt. 1, 320 S.E.2d 70 (1984). West Virginia libel reaches defamation accomplished "through the publication of pictures or photographs," *id.* syl. pt. 3, and the State separately recognizes false light: "Publicity which unreasonably places another in a false light before the public is an actionable invasion of privacy." *Id.* syl. pt. 12. The Complaint alleges that Courtney published, to the public, false statements of fact concerning Bowman and a booking photograph that was fabricated or altered, causing injury (Compl. ¶¶ 33, 67–68).

The movant's principal point, that Count XII does not quote the specific false words, is answered on two levels. As to the photograph, the Complaint already identifies a concrete, provably false item: an image presented as Bowman's booking photograph that is alleged to be fabricated or altered (Compl. ¶¶ 33, 67–68). A fabricated image asserts a fact that is either true or false; it is not protected opinion. *Maynard v. Daily Gazette Co.*, 191 W. Va. 601, 606, 447 S.E.2d 293, 298 (1994). That is not the vague, conclusory averment of falsity that the Fourth Circuit found wanting in *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993); it identifies what is false and why. *Chapin*, moreover, imposes no rule that a complaint reproduce the challenged words verbatim to satisfy Rule 8; the statements there were identified, and the court tested them for substantial truth and defamatory meaning. As to the verbal statements attributed to Courtney,

to the extent the Court concludes they must be pleaded with greater specificity, the remedy is leave to amend, not dismissal with prejudice.

Whether an ambiguous communication in fact places the plaintiff in a false light, finally, is ordinarily a question for the jury and not one to be resolved on the pleadings. *Crump*, 173 W. Va. 699, syl. pt. 15. Dismissal with prejudice would be especially inappropriate now, before Plaintiff has had any opportunity to amend; Plaintiff can plead the specific publications and, in the alternative, requests leave to do so.

**IV. THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER COUNT XII.**

Courtney asks, in the alternative, that the Court decline supplemental jurisdiction over Count XII under 28 U.S.C. Section 1367(c)(3) if Count VII is dismissed. That provision permits a court to decline jurisdiction only where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. Section 1367(c)(3). That condition cannot be met here. Count VII is not the only federal claim in this action; the Complaint asserts additional federal claims that remain regardless of how Count VII is resolved. The discretion to relinquish pendent state-law claims arises when "all federal-law claims in the action have been eliminated and only pendent state-law claims remain." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988). Because federal claims remain, Section 1367(c)(3) does not apply, and the supplemental jurisdiction the Court already possesses continues. *See City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156 (1997) (supplemental jurisdiction over related state-law claims). Even if Count XII were later dismissed, the limitations period on it would be tolled, so no prejudice would follow. *See Artis v. District of Columbia*, 583 U.S. 71 (2018).

**V. THE SERVICE OBJECTION PROVIDES NO BASIS FOR DISMISSAL.**

Courtney preserves, but does not rely upon, an objection under Rule 12(b)(5) that she was served a summons without a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). By her own account she treats August 25, 2026 as the date of service and calculates her response time from it. In any event, the remedy for a service defect is not dismissal of the claim on the merits; it is dismissal without prejudice or additional time to effect proper service. *See Vincent v. Reynolds Memorial Hosp., Inc.*, 141 F.R.D. 436 (N.D. W. Va. 1992). Plaintiff will cure any technical defect if the Court deems it necessary. The objection does not support dismissal of Counts VII or XII.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Renee Courtney's Motion to Dismiss in its entirety. In the alternative, as to either count the Court finds insufficiently pleaded, Plaintiff requests leave to amend rather than dismissal with prejudice.

Respectfully submitted,

/s/ Stephen P. New
Stephen P. New, Esq. (WVSB #7756)
STEPHEN NEW & ASSOCIATES
430 Harper Park Dr.
Beckley, WV 25801
steve@newlawoffice.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of September, 2026, I caused a true and correct copy of the foregoing to be served upon all counsel of record through the ECF E-Filing System and/or by such other method as required by the applicable rules.

/s/ Stephen P. New
Stephen P. New, Esq.