FILED
SEP 21 2026
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CLARKSBURG DIVISION**

MICHAEL BOWMAN,

Plaintiff,

v. Civil Action No. 1:26-cv-66 (Kleeh)

TOWN OF WORTHINGTON, WEST VIRGINIA, et al.,

Defendants.

# DEFENDANT RENEE COURTNEY'S REPLY IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff's response does not cure the pleading defects identified in Defendant Carole Renee Courtney's Motion to Dismiss. Instead, it supplies a new factual theory that does not appear in the Complaint: that Courtney possessed an official booking photograph, obtained it from the officials who arrested and processed Plaintiff, and shared those officials' alleged objective. The Complaint alleges no such transfer, source, communication, or shared objective. A party may not amend a complaint through briefing or oral advocacy. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013). The Court

should evaluate the claims from the allegations actually pleaded and disregard the new assertions in Plaintiff's response.

The publication upon which Plaintiff's claims against Courtney turn is attached as Exhibit 1. It expressly states, "Disclaimer this image is AI (like AZ makes of me) but arrest is real." The post therefore does not present the generated image as an official booking photograph. The complete post also demonstrates why Plaintiff's new inference cannot plausibly arise from the publication itself.

## II. PLAINTIFF CANNOT SUPPLY A NEW FACTUAL THEORY THROUGH HIS RESPONSE

### A. The Complaint and the response advance materially different theories.

The Complaint alleges that Courtney published a photograph "purporting to be Plaintiff's booking photograph" that was, "on information and belief, fabricated or altered." Compl. ¶ 33. It further alleges, without identifying any communication or participant, that Courtney acted "in coordination with, or at the request of, one or more officials of the Town of Worthington." Id. Paragraphs 57 and 58 similarly recite an express or tacit agreement and overt acts without alleging when an agreement arose, who communicated with Courtney, what was communicated, or what Courtney agreed to do.

Plaintiff's response changes that theory. It calls the image "the concrete link," characterizes it as an "apparently official booking photograph," and asserts that Courtney obtained it "through the officials who arrested and processed Bowman" and "could only have obtained [it] through the officials themselves." ECF No. 14 at 2–3. None of those facts appears in the Complaint. The Complaint does not allege an authentic official photograph, possession by an identified official, a

transfer to Courtney, communication with an arresting or processing official, or facts showing a shared unlawful objective.

The distinction is dispositive at the pleading stage. An allegation that an image was fabricated or altered does not establish that it was an official government record, much less establish who possessed it, who transferred it, or that a transfer reflected an agreement to violate a constitutional right. The response adds each missing link after Courtney identified the omissions.

**B. New assertions in a response cannot amend the Complaint.**

The Fourth Circuit has stated that parties cannot amend their complaints through briefing or oral advocacy. S. Walk at Broadlands, 713 F.3d at 184. Although the phrase "fabricated or altered" does not categorically exclude alteration of an official source image, the Complaint alleges no fact identifying such a source, any official with access to it, any transfer to Courtney, or any communication supporting a shared objective. The response therefore supplies missing facts rather than drawing a reasonable inference from facts actually pleaded. See King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016). The Court should disregard that unpleaded source-and-transfer theory and decide the motion from the Complaint's four corners and materials properly considered with it.

## III. THE PUBLICATION REFERENCED IN THE COMPLAINT CONFIRMS THAT THE IMAGE WAS EXPRESSLY IDENTIFIED AS AI

A court considering a Rule 12(b)(6) motion may consider a document attached to the motion when it is integral to the complaint and its authenticity is not disputed. Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999). Plaintiff's claims against Courtney expressly turn on the publication described in

paragraphs 33 and 68. Exhibit 1 reproduces that publication in full and provides its direct Facebook permalink. The relevant authenticity question is whether Exhibit 1 accurately reproduces the publication, not whether the image displayed within that publication was artificially generated or altered.

The complete publication expressly states: "Disclaimer this image is AI (like AZ makes of me) but arrest is real." Ex. 1. That disclosure forecloses a reasonable inference that the post represented the image itself as an authentic government photograph. The Complaint identifies no visual or textual feature that, despite the disclosure, communicates a false fact about Plaintiff's actual appearance or booking circumstances. The only direct factual assertion accompanying the image was that Plaintiff's arrest was real, a fact the Complaint itself alleges at length.

Exhibit 1 is offered for the limited purpose of presenting the complete publication referenced in the Complaint and answering the new characterization advanced in Plaintiff's response. It is not offered to establish additional facts outside the pleadings. The Court may consider it only if the Court finds the publication integral and its reproduction authentic. If the Court declines to consider Exhibit 1 at this stage, the Complaint still fails because it pleads no facts supporting the response's new transfer theory.

## IV. COUNT VII STILL DOES NOT PLAUSIBLY ALLEGE JOINT ACTION OR CONSPIRACY

Plaintiff identifies no pleaded communication, request, meeting, message, transfer, or other interaction between Courtney and any state actor. The response attempts to manufacture that missing connection from the supposed possession of an official booking photograph. Once the unpleaded premise is removed, the argument returns to the same conclusory allegations challenged in the motion.

The timing also remains important. The Complaint attributes to Courtney only a publication after Plaintiff's arrest and release. Compl. ¶ 33. It does not allege that Courtney participated in the decision to summon law enforcement, communicated with an officer before or during the arrest, requested or encouraged the arrest, participated in detention, or took any act that caused the alleged First or Fourth Amendment deprivation. A later private publication, standing alone, does not plausibly establish a prior mutual understanding to cause an arrest or suppress newsgathering. See A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346–47 (4th Cir. 2011); Barrett v. PAE Gov't Servs., Inc., 975 F.3d 416, 434–35 (4th Cir. 2020). Count VII should be dismissed.

## V. COUNT XII STILL DOES NOT IDENTIFY AN ACTIONABLE FALSE STATEMENT

### A. The complete publication does not state or imply that the generated image is an official booking photograph.

The response does not identify any allegedly false words published by Courtney. It instead relies on the image and argues that it was presented as Plaintiff's booking photograph. The complete publication, however, expressly labels the image as AI. Ex. 1. The words "KARMA" and "like AZ makes of me" are rhetorical commentary, not statements capable of being proved true or false. A statement is actionable only if it is sufficiently factual to be susceptible of being proved true or false. Milkovich v. Lorain Journal Co., 497 U.S. 1, 19–21 (1990).

The publication must be considered as a whole. Its text tells the reader that the depicted scene is generated rather than an authentic government photograph. The Complaint identifies no false statement about Plaintiff's actual appearance, conduct, or booking circumstances that remains after the image is read together with that disclosure. The only direct factual assertion accompanying it is that Plaintiff's arrest was real, which is consistent with the Complaint's own

allegations. The response cannot create falsity by separating the image from the qualifying text printed immediately above it.

**B. The Complaint does not plausibly plead defamation or false light under West Virginia law.**

Under West Virginia law, a private plaintiff asserting defamation must plead a defamatory statement, a nonprivileged communication to a third party, falsity, reference to the plaintiff, at least negligence by the publisher, and resulting injury. Crump v. Beckley Newspapers, Inc., 173 W. Va. 699, 706, 320 S.E.2d 70, 77 (1983). Count XII fails on falsity in particular. The Complaint does not identify any false factual words in Courtney's publication or explain how an image expressly disclosed to be AI states that it is an authentic booking photograph.

False light likewise requires publicity placing the plaintiff before the public in a false light that would be highly offensive to a reasonable person, together with knowledge of or reckless disregard for the falsity of that portrayal. Id. at 714–17, 320 S.E.2d at 85–88. Viewed as a whole, the post discloses that the image is AI-generated, states only that the arrest was real, and does not represent that the depicted appearance or booking scene actually occurred. Count XII recites the elements but identifies no different, highly offensive false implication that Courtney knew was false or recklessly disregarded. Because the pleaded publication does not supply a provably false or materially misleading factual assertion or implication, Count XII should be dismissed.

## VI. PLAINTIFF MISCHARACTERIZES THE PRESERVED SERVICE OBJECTION

Plaintiff devotes a separate section to arguing that the service objection provides no basis for dismissal on the merits. ECF No. 14 at 5–6. Courtney did not argue otherwise. Her opening memorandum expressly states that she preserved the Rule 12(b)(5) objection, did not rely on it as the principal basis for dismissal, and submitted the related declaration and exhibits solely

concerning service rather than as evidence supporting her Rule 12(b)(6) arguments. ECF No. 7-1 at 1, 8.

Plaintiff therefore responds to a position Courtney did not take. The service history was included to preserve the record and Courtney's right to object. The requested merits dismissal of Counts VII and XII rests on Rule 12(b)(6).

## VII. PLAINTIFF'S BARE ALTERNATIVE REQUEST FOR LEAVE DOES NOT CURE THE PRESENT COMPLAINT

Plaintiff alternatively requests leave to amend but supplies no proposed amended complaint and does not identify in a proper motion the facts he could plead consistently with Rule 11. His response instead previews a materially different official-photograph transfer theory. Whether leave may later be sought under Rule 15 does not change the question now presented: the operative Complaint fails to state plausible claims against Courtney. At minimum, the present claims should be dismissed; any request to file an amended pleading should be made by proper motion and evaluated under the governing rules.

## VIII. CONCLUSION

For these reasons and those stated in her opening memorandum, Defendant Carole Renee Courtney respectfully requests that the Court dismiss Counts VII and XII as asserted against her under Rule 12(b)(6). Courtney preserves her Rule 12(b)(5) objection but does not rely upon it as a ground for dismissal on the merits.

Respectfully submitted,

Carole Renee Courtney

Defendant, Pro Se

1711 Hamill Ave.

Clarksburg, WV 26301

304-844-4206

renee.mtnstatement@gmail.com

**DECLARATION OF CAROLE RENEE COURTNEY IN SUPPORT OF REPLY**

I, Carole Renee Courtney, declare as follows:

1. I am Defendant C. Renee Courtney in this action and have personal knowledge of the matters stated herein.

2. Exhibit 1 attached to my Reply is a true and correct copy of the Facebook post referenced in my Reply.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: SEPTEMBER 21, 2026.

Carole Renee Courtney

Defendant, Pro Se

# EXHIBIT 1

**April 15, 2026 Facebook Publication**

Direct post link: https://www.facebook.com/groups/worthingtonwvtruthchronicles/permalink/1332089032149817/?rdid=MgpejenxVWjH2lYn#

**Exhibit 1 Complete post**

**Renee Courtney's Post**

**The Worthington WV Truth Chronicles**
Renee Courtney · Admin Group expert in Information All-star contributor · April 15 ·

**KARMA**

Disclaimer this image is AI (like AZ makes of me) but arrest is real.




Comment as Renee

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

| | | |
|---|---|---|
| MICHAEL BOWMAN, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | **Civil Action No. 1:26-cv-00066-TSK** |
| TOWN OF WORTHINGTON, WEST VIRGINIA, et al., | ) | **(Chief Judge Thomas S. Kleeh)** |
| *Defendants.* | ) | |

**CERTIFICATE OF SERVICE**

I, Carole Renee Courtney, appearing pro se, hereby certify that I have served the foregoing Defendant Renee Courtney's Reply in Support of Motion to Dismiss upon the plaintiff and defendants/respondents by depositing true copies of the same in the United States mail, postage prepaid, upon the following counsel of record for the plaintiff and defendants/respondents on September 21, 2026:

Stephen P. New
Stephen New & Associates
430 Harper Park Drive
Beckley, WV 25801
Counsel for Plaintiff

Tiffany R. Durst
Flaherty Sensabaugh Bonasso PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
Counsel for Defendants Town of Worthington, Marion County, Roger Cunningham, Officer Gump, and John Doe Officer #2

Bridgette R. Wilson
Busch, Zurbuch & Thompson, PLLC
P.O. Box 1819
Elkins, WV 26241
Counsel for Defendant Deborah K. Heflin

Carole Renee Courtney

Defendant, Pro Se