FILED

SEP 25 2026

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL BOWMAN,**

Plaintiff,

v.

**TOWN OF WORTHINGTON, et al.,**

Defendants.

**Civil Action No. 1:26-cv-66**

(Kleeh, J.)

**DEFENDANT C. RENEE COURTNEY'S MOTION FOR CLARIFICATION OF SERVICE AND COMPLIANCE WITH RULE 5**

Defendant C. Renee Courtney, appearing pro se, respectfully moves this Court for clarification regarding service of filings upon her and for an order establishing a clear and consistent method by which papers required to be served under Federal Rule of Civil Procedure 5 are to be served upon Defendant.

1. Defendant brings this Motion principally because Plaintiff's counsel has now twice presented Defendant with significant service concerns involving documents central to Defendant's ability to defend this action.

2. The first occurred at the outset of the case, when Defendant was provided a summons without the Complaint referenced as attached to it. Defendant raised and preserved that service issue in her Motion to Dismiss but did not rely upon it as a basis for dismissal. Instead, Defendant accepted an electronic copy of the Complaint on August 25, 2026, so that the proceedings would not be delayed and calculated her response deadline from that date.

3. The second concern is more immediate. On September 17, 2026, Plaintiff's counsel filed ECF No. 14, Plaintiff's Opposition to Defendant Courtney's Motion to Dismiss. As of the date of

this Motion, September 25, 2026, Defendant has not received that filing from Plaintiff's counsel.

4. ECF No. 14 was not merely an administrative filing or a document concerning another party. It was Plaintiff's substantive response opposing Defendant Courtney's own dispositive motion and was therefore a filing of particular importance to Defendant's ability to protect her interests and timely respond in this action.

5. Defendant is not a registered CM/ECF user and does not personally receive the electronic filing notifications and immediate access to filed documents available to registered counsel. Nor does Defendant have independent, real-time access to the complete federal docket.

6. Defendant became aware of ECF No. 14 only because another person with access to the federal docket brought the filing to her attention. Defendant nevertheless prepared and timely filed her Reply. Thus, Defendant's ability to learn of the filing, review it, and respond within the applicable period depended not upon service by Plaintiff's counsel, but upon a third party happening to discover the filing and provide it to her.

7. LR Civ P 7.02(b)(2) provides that "replies shall be filed and served within seven (7) days from the date of service of the response to the motion." Defendant understands that Federal Rule of Civil Procedure 6(d) provides additional time when service is made by mail. Nevertheless, by September 25, 2026, the seven-day period identified in the Local Rule has already elapsed, and Defendant still had not received Plaintiff's Opposition from Plaintiff's counsel. Had a third party not brought ECF No. 14 to Defendant's attention and provided her with the filing, Defendant would have remained unaware of the Opposition while the time available to review it and prepare a Reply continued to run.

8. Requiring Defendant to rely upon a third party to monitor the federal docket for filings, obtain documents Defendant has not been served with, and provide those documents to Defendant in sufficient time for her to meet applicable deadlines would impose an unnecessary and undue burden upon a pro se litigant. Defendant is not requesting preferential treatment or relief from applicable deadlines. She seeks only a clear and reliable method of service that permits her to receive papers required to be served upon her in sufficient time to protect her interests and comply with those deadlines.

9. Defendant should not be placed in the position of discovering another substantive filing by Plaintiff's counsel only if and when a third party happens to locate it for her.

10. Defendant respectfully submits that this is precisely the situation proper service is intended to prevent. A pro se party who does not receive CM/ECF notifications should not have to depend upon another person's docket access, availability, or timing to learn that opposing counsel has filed a substantive response directed specifically to her.

11. The concern is heightened because this was not Defendant's first service-related difficulty involving Plaintiff's counsel. Following the initial service concern, Defendant elected to accept the Complaint electronically and proceed rather than rely upon that issue as a basis for dismissal. The subsequent failure to provide Defendant with Plaintiff's Opposition demonstrates why Defendant now seeks the Court's clarification rather than continuing to rely upon informal means of discovering filings.

12. Defendant seeks a service procedure that ensures she actually receives papers she is entitled to receive, particularly substantive filings by Plaintiff directed to Defendant's own motions, in sufficient time to protect her interests and comply with applicable deadlines.

13. Defendant's review of the filings presently available to her also reveals broader inconsistencies in the record of service. Excluding the initial filing, summons, Defendant's own filings, and return receipts, nine other docketed documents remain: ECF Nos. 5, 6, 8, 9, 10, 11, 12, 13, and 14. Defendant received ECF Nos. 8, 10, 11, 12, and 13. Defendant has no record of receiving ECF Nos. 5, 6, 9, or 14.

14. The filings themselves reflect differing service practices. ECF No. 5 contains a Certificate of Service identifying Plaintiff's counsel but does not identify Defendant Courtney as having been served. ECF Nos. 6 and 9 do not indicate within the filed documents that Defendant Courtney was served. By contrast, ECF Nos. 10 and 13 state that Defendant Courtney was served by email, and Defendant confirms that she actually received those filings by email.

15. Defendant has not consented in writing to service by electronic mail under Rule 5. She does not challenge ECF Nos. 10 and 13 or request that they be re-served because she actually received them. Their successful receipt simply illustrates the need for a clear and consistent service procedure.

16. Defendant therefore respectfully requests that the Court clarify the method by which Plaintiff's counsel and all other counsel of record must serve Defendant with papers requiring service under Rule 5. If service by email has been agreed upon among the other parties or is otherwise authorized in this action, Defendant further requests clarification as to whether the same method is available to her when serving counsel.

WHEREFORE, Defendant C. Renee Courtney respectfully requests that the Court:

A. Require Plaintiff's counsel to confirm whether Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF No. 14, was served upon Defendant and, if so, the date and method of service, including the address or electronic address to which it was sent, and direct Plaintiff's

counsel, for future filings, to identify in the certificate of service the papers served, the method of service, and the person or persons upon whom service was made, consistent with the applicable service requirements;

B. Direct that Defendant be served with papers requiring service under Rule 5 by an authorized method that provides her timely and reliable access to those papers without requiring her to depend upon CM/ECF notifications or the access and availability of a third party; and

C. Clarify the method or methods by which Plaintiff's counsel and all other counsel of record are required to serve Defendant Courtney with papers requiring service under Federal Rule of Civil Procedure 5 while she remains a pro se party who is not registered for CM/ECF;

D. Clarify whether service by email has been agreed upon or otherwise authorized in this matter based upon the service practices utilized by other parties and, if so, whether Defendant Courtney may utilize the same method when serving counsel of record;

E. Grant such other and further relief as the Court deems just and appropriate, including clarification of another method of service if the Court deems such method appropriate.

Defendant seeks only a clear and consistent service procedure sufficient to ensure that, notwithstanding her pro se status and lack of CM/ECF access, she receives papers requiring service in a manner that permits her to participate fully in this litigation and comply with the same procedural deadlines applicable to all parties.

Respectfully submitted,

C. Renee Courtney
Defendant, Pro Se
1711 Hamill Ave
Clarksburg, WV 26301
September 25, 2026

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **MICHAEL BOWMAN,** | ) | **Civil Action No. 1:26-cv-66** |
| Plaintiff, | ) | (Kleeh, J.) |
| v. | ) | |
| **TOWN OF WORTHINGTON, et al.,** | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I served a true and correct copy of the foregoing Defendant C. Renee Courtney's Motion for Clarification of Service and Compliance with Rule 5 upon counsel of record by Certified Mail, addressed as follows:

Stephen P. New
Stephen New & Associates
430 Harper Park Drive
Beckley, WV 25801
*Counsel for Plaintiff*

Tiffany R. Durst
Flaherty Sensabaugh Bonasso PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
*Counsel for Defendants Town of Worthington,*

Bridgette R. Wilson
Busch, Zurbuch & Thompson, PLLC
P.O. Box 1819
Elkins, WV 26241
*Counsel for Defendant Deborah K. Heflin*

C. Renee Courtney
Defendant, Pro Se
1711 Hamill Ave
Clarksburg, WV 26301
September 25, 2026