FILED

OCT 08 2026

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

MICHAEL BOWMAN,
Plaintiff,

v. Civil Action No. 1:26-cv-66

TOWN OF WORTHINGTON, et al.,
Defendants.

**DEFENDANT C. RENEE COURTNEY'S NOTICE OF PLAINTIFF'S COUNSEL'S NONAPPEARANCE AT THE RULE 26(f) CONFERENCE AND SCHEDULING CONSTRAINTS**

Defendant C. Renee Courtney, appearing *pro se*, respectfully submits this Notice to document the October 7, 2026 Rule 26(f) conference that did not proceed, Plaintiff's counsel's subsequent explanation, and scheduling constraints affecting completion of the initial planning meeting by the Court's October 15, 2026 deadline.

**1. Agreed Conference Date.** Following coordination among the parties, Plaintiff's counsel's office circulated a Microsoft Teams invitation for Wednesday, October 7, 2026, at 2:00 p.m. (Exhibit A)

**2. Defendant's Attendance and Screenshots.** Courtney joined the Teams conference at approximately 1:47 p.m. and remained in the waiting room until the call ended at approximately 2:19 p.m., without being admitted. She took the first screenshot several minutes after joining, when she became concerned that she had not been admitted. Its timestamp reflects when the screenshot was taken, rather than when she initially joined. She took the second screenshot almost immediately after the call ended. (Exhibit B)

**3. Contemporaneous Communications.** Courtney emailed Sarah Tremper, the representative of New's law office who organized the meeting, at 2:05 p.m. and 2:07 p.m. (Exhibit D)

**4. Telephone Inquiry.** While Courtney waited, her husband called Plaintiff's counsel's office at 2:17 p.m. and reached voicemail. Courtney's spouse made the call so that she could remain in the Teams waiting room and avoid inadvertently missing admission to the conference while speaking with New's office. At 2:18 p.m., he received a text from the office asking about his call. At 2:21 p.m., he replied to explain that his call concerned the scheduled conference. The reply time is available in the message metadata, although it is not displayed in the text body. He received no further response to that inquiry. (Exhibit C) That exchange did not result in Courtney's admission or the conference proceeding. No notice of postponement or cancellation was communicated to Courtney before the scheduled conference.

**5. Communications with All Attorneys.** After receiving no response for twelve minutes following the second email to Sarah Tremper, Courtney reached out to all attorneys at 2:19 p.m. Tiffany Durst confirmed at 2:21 p.m. that she was also waiting. Bridgette Wilson confirmed at 2:22 p.m. that she had not been admitted and was waiting after trying again. At 2:32 p.m., Durst reported that she still had not been admitted and needed to log off. Counsel thereafter agreed to log out and reschedule. (Exhibit D)

**6. Plaintiff's Counsel's Subsequent Explanation.** At 6:16 p.m., more than four hours after the scheduled start, Steve New emailed counsel and Courtney. He apologized and stated that a staff meeting had run longer than anticipated. He also offered to make himself available before October 15 and requested proposed dates and times for a replacement conference. (Exhibit D) Courtney acknowledges that explanation and offer. They do not change the fact

that the agreed conference did not proceed or that the participants received no timely notice that he would be unavailable. In response to Courtney's stated intention to file a notice documenting the nonappearance and the limited time remaining to reschedule before the October 15 deadline, New directed Courtney to "save your bloviating for social media." (Exhibit D) Courtney considers that language inappropriate and unprofessional in correspondence concerning compliance with the Court's scheduling deadline. Courtney considers the delay unacceptable under the circumstances. As a pro se defendant, she is expected to comply with the same procedural obligations and court-ordered deadlines as represented parties. She would reasonably expect her own failure to attend a mutually agreed conference without advance notice to be treated seriously and submits that all participants should be held to the same standard of responsibility for attendance and timely communication. On October 8, 2026, at 6:27 a.m., New sent further correspondence stating that he would document Courtney's "lack of availability for 8 days" and would work with the other defendants to complete the worksheet and circulate it to her in her absence. He characterized Courtney's notification of intended filings as threats and directed his employee to schedule a Zoom conference for Monday, October 12, at 1:00 p.m. (Exhibit D)

**7. Continuing Burden on the Pro Se Defendant.** In addition to Courtney's position that she should never have been named in this litigation because she received neither correspondence nor an official mugshot from police, did not represent the created image as authentic, expressly labeled it as AI-generated, made no false statements of fact, and did not participate in effecting Plaintiff's arrest, Courtney maintains that Plaintiff's counsel identified no specific false statement of fact attributable to her in either the Complaint or the response to her motion to dismiss. She further submits that the missed conference adds to the continuing undue burden and inappropriate treatment arising from Plaintiff's counsel's handling of this proceeding. Her concerns include unanswered correspondence seeking to

arrange service, delivery of a summons without the complaint, and emails containing language she considers inappropriate and unprofessional, including New's 6:16 p.m. response on October 7, 2026, and his 6:27 a.m. email on October 8, 2026. (Exhibit D) The October 7 conference was agreed upon after extensive communication among all parties concerning their availability. Courtney arranged leave from employment to attend. Despite telephone, text, and email inquiries during the scheduled conference period, counsel's office provided no timely explanation that the conference would be delayed or would not proceed. New responded more than four hours after the scheduled start, explaining that a staff meeting had run longer than anticipated. Courtney submits that these circumstances demonstrate insufficient regard for her scheduling constraints and impose avoidable burdens on her efforts to participate as a pro se defendant.

**8. Scheduling and Employment Constraints.** The original date was selected after the parties discussed existing scheduling conflicts. In her 7:24 p.m. response to New, Courtney explained that she cannot take another day off from work during the week of October 7. (Exhibit D) She requires advance notice to arrange leave from employment. She has previously scheduled family obligations the following week, including a previously scheduled obligation on October 15 to accompany her son for diagnostic testing related to his ongoing medical issues. She also needs time to organize her materials and access to her computer in a private setting. Because the conference's duration is uncertain, she cannot give her employer a definite return time. Participation requires a full day away from work because her workplace does not provide the privacy and computer access she needs, and she cannot reliably state when she would return. These limitations are not a refusal to participate. Courtney remains willing to cooperate and review her remaining availability. A replacement conference requires coordinated arrangements. With Monday, October 12 being a holiday and Courtney unavailable on Thursday, October 15, only two dates remain

that week for rescheduling the conference before the mandatory deadline. Taking another full day off for the conference would leave Courtney available to work only two days that week. In her October 8 reply at 8:44 a.m., Courtney reiterated that she was unavailable for the remainder of the current week and that Monday, October 12, was a federal holiday. She expressly identified October 13 and October 14 as dates on which she could participate, with October 14 preferred, and requested coordination of a mutually available time. She also stated that she expected an opportunity to review and contribute to the proposed worksheet before it was finalized or submitted to the Court, with any unresolved disagreements accurately reflected. Her reply further clarified that informing counsel of an intended filing was notice of her intent, rather than a threat. At 9:07 a.m., she forwarded her reply to the other participants, explaining that she had inadvertently not used "reply all." (Exhibit D)

**9. Employment and Preparation Impact.** Courtney arranged time away from employment to attend the agreed conference. As a pro se defendant, she did not know how long the conference would last and could not provide her employer with a definite return time. She needed a private setting, access to her computer and materials, and sufficient time to prepare without rushing home from work immediately before the conference. Plaintiff's counsel later characterized the conference as a brief call. Timely notice of his unavailability would have prevented unnecessary waiting and attempts to determine why the conference was not proceeding.

**10. Preserved Supporting Materials.** Courtney has preserved the scheduling emails and Teams invitation, waiting-room and call-ended screenshots, telephone records, and correspondence among the participants, including New's October 7 explanation, her response that evening, New's October 8 email, her 8:44 a.m. reply, and her 9:07 a.m. forwarding of that reply to the other participants. The supporting materials are attached as Exhibits A–D to this Notice.

**11. Purpose of Notice.** Courtney submits this Notice to preserve for the record the circumstances of the October 7 conference that did not proceed and the subsequent correspondence, including language directed toward her by Plaintiff's counsel that she considers hostile and disparaging. She also documents her readiness and continued willingness to participate. (Exhibit D)

Dated: October 8, 2026

Respectfully submitted,

C. Renee Courtney
Defendant, Pro Se
1711 Hamill Ave
Clarksburg, WV 26301
304-844-4206
renee.mtnstatement@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

MICHAEL BOWMAN,
Plaintiff,

v. Civil Action No. 1:26-cv-66

TOWN OF WORTHINGTON, et al.,
Defendants.

**CERTIFICATE OF SERVICE**

I, C. Renee Courtney, appearing pro se, hereby certify that on October 8, 2026, I served a true and correct copy of Defendant C. Renee Courtney's Notice of Plaintiff's Counsel's Nonappearance at the Rule 26(f) Conference and Scheduling Constraints, together with the Exhibit Index and Exhibits A–D, by depositing copies in the United States mail, postage prepaid, addressed to the following counsel of record:

Stephen P. New
Stephen New & Associates
430 Harper Park Drive
Beckley, WV 25801
Counsel for Plaintiff

Tiffany R. Durst
Flaherty Sensabaugh Bonasso PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
Counsel for the Town of Worthington

Bridgette R. Wilson
Busch, Zurbuch & Thompson, PLLC
P.O. Box 1819
Elkins, WV 26241
Counsel for Deborah K. Heflin



C. Renee Courtney
Defendant, Pro Se
Dated: October 8, 2026