IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARKSBURG DIVISION

FILED

OCT 21 2026

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

MICHAEL BOWMAN,

Plaintiff,

v.

Civil Action No. 1:26-cv-66 (Kleeh)

TOWN OF WORTHINGTON, et al.,

Defendants.

## DEFENDANT C. RENEE COURTNEY'S MOTION FOR PRESERVATION ORDER REGARDING ELECTRONICALLY STORED INFORMATION

COMES NOW Defendant C. Renee Courtney, appearing pro se, and respectfully moves this Court for an order requiring preservation of electronically stored information (ESI) relevant to the claims and defenses in this action, including Plaintiff's social media accounts, digital activity, engagement metrics, and monetization records. In support, Defendant states as follows:

## I. FACTUAL BACKGROUND AND PRESERVATION CONCERNS

1. On September 29, 2026, while continuing to gather evidence relevant to her defense, Defendant discovered that Plaintiff's social media accounts, including Facebook, Instagram, and YouTube, were inaccessible.

2. On September 30, 2026, during publicly recorded statements following Plaintiff's arraignment in Kanawha County, West Virginia, Stephen P. New, who was serving as Plaintiff's criminal defense counsel at that time and remains his counsel of record in this civil litigation, confirmed to reporter Phil Connor of the Independent Herald that the accounts had been deactivated upon the advice of counsel. New clarified, in an exchange interrupted by the reporter, "He did not delete. Deactivated social media on the advice of counsel." He further

explained that he advised Plaintiff to stay out of the social media attention expected to follow his criminal proceedings.

(See Exhibit A, publicly recorded statement of Stephen New, Sept. 30, 2026, with statements relevant to this motion occurring between timestamps 7:41 and 8:22.)

3. Plaintiff's online presence, digital metrics, and revenue generation are relevant to his allegations of reputational and financial damages. Preservation of Plaintiff's social media data, engagement analytics, and monetization records is necessary to permit meaningful discovery concerning the existence, extent, and potential causes of any alleged damages.

## II. LEGAL BASIS FOR REQUESTED PRESERVATION ORDER

4. Parties have a duty to take reasonable steps to preserve relevant ESI when litigation is reasonably anticipated or pending. Federal Rule of Civil Procedure 37(e) provides remedies when ESI that should have been preserved is lost because reasonable preservation steps were not taken and the information cannot be restored or replaced through additional discovery.

5. Defendant seeks prospective preservation relief, not a present finding that spoliation has occurred. Defendant requests that the Court exercise its authority to manage discovery, including under Rules 16 and 26, to protect potentially relevant evidence while discovery proceeds.

## III. REQUEST FOR CONFIRMATION AND REMAINING CONCERNS

6. On October 15, 2026, Defendant emailed Plaintiff's counsel a formal demand for preservation of relevant ESI and requested written confirmation by October 20, 2026, that appropriate preservation measures had been implemented. (See Exhibits B-1 and B-2.)

7. Counsel's October 15, 2026, email response lacked a signature block or other identifying signature and stated: "The client has been advised since the inception of the litigation." (See Exhibit B-2.)

8. Although that response indicates counsel advised Plaintiff, it does not specify whether preservation measures have been implemented for the deactivated accounts, associated metadata, analytics, monetization records, backups, or potentially applicable automatic deletion processes. Furthermore, Plaintiff's counsel's assertion that his client had been advised regarding preservation obligations "since the inception of the litigation" does not address the subsequent deactivation of Plaintiff's social media accounts upon the advice of counsel, as publicly acknowledged by Mr. New on September 30, 2026. Any preservation instructions issued at the "inception" of litigation necessarily preceded that event. Counsel's response provides no confirmation that appropriate measures were taken to preserve the accounts' underlying data, metadata, engagement analytics, and monetization records before or after their deactivation.

9. Defendant does not assert that deactivation alone establishes destruction of ESI. However, given the relevance of Plaintiff's digital activity and claimed online damages, Defendant requests a clear preservation directive to reduce the risk of loss before the relevant records can be obtained through discovery.

## IV. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that the Court:

1. Direct Plaintiff to take reasonable and prompt steps to preserve relevant ESI within his possession, custody, or control, including social media account data, associated metadata, engagement analytics, and monetization records;

2. Require Plaintiff to provide written confirmation that reasonable preservation measures have been implemented, including preservation of native-format information and associated metadata where reasonably available; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of October, 2026.

C. Renee Courtney

Defendant, Pro Se

1711 Hamill Ave

Clarksburg, WV 26301

Telephone: 304-844-4206

Email: renee.mtnstatement@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

MICHAEL BOWMAN,

Plaintiff,

v.

Civil Action No. 1:26-cv-66 (Kleeh)

TOWN OF WORTHINGTON, et al.,

Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, I served a true and correct copy of Defendant C. Renee Courtney's Motion for Preservation Order Regarding Electronically Stored Information (ESI), together with the Exhibit Index and Exhibits A and B, upon all counsel of record by Electronic Mail.

Pursuant to written confirmations exchanged as of October 15, 2026, all counsel of record and Defendant C. Renee Courtney, appearing pro se, have mutually agreed to accept service of all documents in this matter via electronic mail.

**Stephen New**
Counsel for Plaintiff
steve@newlawoffice.com

**Tiffany Durst**
Counsel for Defendant Town of Worthington
tdurst@flahertylegal.com

**Bridgette Wilson**
Counsel for Defendant Deborah K. Heflin
bwilson@bztlaw.com

Additional courtesy copies were transmitted via electronic mail to the individuals designated by counsel to receive copies of filings and correspondence in this matter.

Dated: October 21, 2026.

C. Renee Courtney, Pro Se
1711 Hamill Ave
Clarksburg, WV 26301
Telephone: (304) 844-4206
Email: renee.mtnstatement@gmail.com