**EXHIBIT B-1**

Gmail **C. Renee Courtney <renee.mtnstatement@gmail.com>**

## Formal Demand for Preservation of Electronically Stored Information (ESI): Bowman v. Town of Worthington, et al., 1:26-cv-66

**C. Renee Courtney** <renee.mtnstatement@gmail.com> Thu, Oct 15, 2026 at 8:00 AM
To: Steve New <steve@newlawoffice.com>, "Durst, Tiffany R." <tdurst@flahertylegal.com>, Bridgette Wilson <bwilson@bztlaw.com>, Emilee Wooldridge <emilee@newlawoffice.com>, Stephanie Hotelling <stephanie@newlawoffice.com>, Sarah Tremper <sarah@newlawoffice.com>

Mr. New,

I am writing to formally demand the immediate preservation of all electronically stored information (ESI) relevant to the claims and defenses in the above-captioned litigation, particularly the Plaintiff's social media accounts, digital activity, subscriber metrics, and monetization records.

On September 29, 2026, while attempting to gather evidence relevant to my defense in this litigation, I discovered that the Plaintiff's social media accounts, including Facebook, Instagram, and YouTube, were no longer accessible. On September 30, 2026, during your publicly recorded statements to reporter Phil Connor of the Independent Herald following the Plaintiff's arraignment, you confirmed that the Plaintiff had deactivated his social media accounts upon the advice of counsel, while you were actively serving as his attorney of record.

**Video Timestamp: 7:41**

**Phil Connor:** "Ya, um, Phil Connor, Independant Herald, Pittsburgh reporter. The question that I have is um, he deleted all of his social media today..."
**Stephen New:** "He did not delete."
**Phil Connor**: "He deactivated."
**Stephen New**: "Deactivated social media on the advice of counsel."

The Plaintiff's online presence, subscriber metrics, digital activity, and associated revenue are directly relevant to his allegations of reputational and financial damages in this litigation.

Furthermore, the Plaintiff's decision to deactivate his social media accounts, which I discovered were inaccessible on September 29, 2026, constitutes an independent intervening event directly affecting his online visibility, viewership, engagement, and potential revenue. Any subsequent decline in those metrics resulting from that deactivation cannot reasonably be attributed to my alleged conduct in April 2026.

I expressly dispute any attempt to attribute losses arising from the Plaintiff's voluntary deactivation of his accounts to my actions. Preservation of the relevant account records, analytics, and monetization data is therefore essential to distinguish any damages allegedly attributable to me from those resulting from the Plaintiff's subsequent decisions.

Although account deactivation does not necessarily constitute destruction of evidence, it raises legitimate concerns regarding the continued accessibility and preservation of potentially relevant information.

Accordingly, I formally demand that appropriate litigation-hold measures be implemented immediately to preserve all relevant ESI within the Plaintiff's possession, custody, or control, including but not limited to:

- All social media accounts and their associated content, including deactivated accounts;
- Posts, comments, direct messages, communications, and associated metadata;
- Subscriber and follower counts, engagement analytics, and account activity records;
- Monetization records, advertising revenue, platform payments, and related financial analytics;
- Available account archives, backups, and records maintained by third-party platforms.

Relevant information should be preserved in its existing form, including native-format data and associated metadata where reasonably available, and protected against deletion, alteration, or loss, including through automatic retention or deletion processes.

# EXHIBIT B-2

I further direct your attention to Federal Rule of Civil Procedure 37(e), which addresses the failure to take reasonable steps to preserve electronically stored information relevant to pending litigation.

Please provide written confirmation **no later than Tuesday, October 20, 2026**, that appropriate preservation measures have been implemented and that reasonable steps are being taken to prevent the loss or alteration of relevant ESI pending formal discovery.

This correspondence constitutes a formal preservation request and is intended to protect potentially discoverable evidence relevant to the claims and defenses in this action.

Respectfully,

/s/ C. Renee Courtney
Defendant, *Pro Se*

---

**Steve New** <steve@newlawoffice.com> Thu, Oct 15, 2026 at 1:41 PM
To: "C. Renee Courtney" <renee.mtnstatement@gmail.com>, "Durst, Tiffany R." <tdurst@flahertylegal.com>, Bridgette Wilson <bwilson@bztlaw.com>, Emilee Wooldridge <emilee@newlawoffice.com>, Stephanie Hotelling <stephanie@newlawoffice.com>, Sarah Tremper <sarah@newlawoffice.com>

The client has been advised since the inception of the litigation