**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL BOWMAN**
**Plaintiff,**

**v.** **Civil Action No. 1:26-cv- 66(Kleeh)**

**TOWN OF WORTHINGTON, ET AL.**

**Defendants.**

**REPORT OF PARTIES' RULE 26(f) CONFERENCE**

Having conferred on October 14, 2026, regarding the matters identified herein, the parties submit the following *Report of Parties' Rule 26(f) Conference*:

1. Identification of counsel and unrepresented parties present at the conference: Emilee Wooldridge, Esq., counsel for Plaintiff; Renee Courtney, pro se Defendant; Bridgette R. Wilson, Esq., Counsel for Defendant Deborah K. Heflin; Tiffany R. Durst, Esq., counsel for Defendant Down of Worthington, West Virginia, Officer Gump, Roger Cunningham, Marion County, West Virginia, and John Doe Officer.
2. **Pre-discovery Disclosures**. The parties will exchange initial Fed. R. Civ. P. 26(a)(1) disclosures by **November 16, 2026,** per the initial order in this matter.. The parties discussed the issues of electronically stored information; (ESI) and have agreed to confer should any issues arise regarding the disclosure of the ESI. Defendant Renee Courtney participated in this Rule 26(f) report without waiving, and expressly preserving, her pending Rule 12(b)(6) Motion to Dismiss. Defendant Courtney maintains that discovery as to her should be stayed pending the Court's ruling on her motion, the proposed scheduling dates represent a contingency framework only in the event the Court declines to stay discovery, and a motion will be filed as such.

3. **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

a. Discovery will be needed on the following subjects: liability and damages.

i. Plaintiff believes discovery is appropriate on Plaintiff's claims and damages as alleged in the Complaint, and the nature and extent of Plaintiff's injuries and damages as to the Defendants.

ii. Defendants believe discovery is appropriate regarding Plaintiff's purported damages, as well as Plaintiff's claims regarding liability of these Defendants and any and all other aspects of their claims for liability in this matter.

b. All discovery commenced in time is to be completed by August 6,, 2027.

c. Maximum 25 interrogatories by each party to any other party. Responses due 30 days after receipt unless otherwise agreed by the parties.

d. Federal rules regarding number of depositions.

e. Each deposition is limited to maximum of 7 hours unless extended by agreement of the parties.

f. The parties agree that reports from retained experts under Rule 26(a)(2) are due:

i. From Plaintiff by **May 28, 2027**;

ii. From Defendants by **June 28, 2027**.

g. Supplementation under Rule 26(e): At the completion of the discovery deadline by **August 6, 2027**.

h. Any issues about disclosure or discovery of electronically stored information including the form or forms in which it should be produced:

i. The parties have discussed this issue and are in agreement that there will be a need for electronically stored information. . The parties agree to confer should any issues arise with their disclosure.

4. **Other Items**:

a. The parties do not request a scheduling conference unless the Court deems the same appropriate.

b. Requested dates for Pretrial:

i. Joint Pretrial Conference Order: **September 30, 2027**.

ii. Final Pretrial Conference: **October 4, 2027**.

c. Final date for the parties to amend pleadings or join parties: **December 1, 2026**.

d. Final date to file dispositive motions, responses, and replies:

i. Dispositive motions by **August 16, 2027**;

ii. Responses and Replies to be filed and served:

1. Within 21 days of the filing of the motion for responses and 14 days for replies.

e. Settlement will be evaluated informally by the parties and the same if not settled will be mediated on or before **September 3, 2027**. Notification of mediator selection being due by **May 1, 2027**.

f. Pretrial disclosures under Rule 26(a)(3) will be due **September 10, 2027**, and any objections thereto will be due **September 17, 2027**.

g. Proposed Voir Dire, Jury Instructions, Verdict Forms, Special Interrogatories, and Stipulations shall be due **October 5, 2027**, and any objections thereto shall be submitted by **October 12, 2027**.

h. Motions in Limine shall be due **September 1, 2027**, and any objections thereto shall be due **September 15, 2027**.

i. Biographical Sketches, Joint Pretrial Order, and Stipulation of Facts shall be due **September 30, 2027**.

j. The case should be ready for trial by **October 18, 2027**, and the parties anticipate three days for trial.

5. **Other Matters**: Pursuant to L.R. Civ. P. 16.01 (b) and (c), the parties do not believe this case is complex and therefore is not appropriate for monitoring in an individualized and case specific manner. The parties in this matter do not consent to a trial by the Magistrate Judge. The parties do consent to alternative dispute resolution such as those set forth in L.R. Civ. P. 16.06.

Respectfully submitted,

s/ Stephen P. New, Esq.
Stephen New & Associates
P.O. Box 5516 Beckley, WV 25801
steve@newlawoffice.com
*Counsel for Plaintiff*

s/ Tiffany R. Durst, Esq.
Flaherty Sensabaugh Bonasso PLLC
48 Donley Street, Suite 501 Morgantown, WV 26501
tdurst@flahertylegal.com
*Counsel for Marion County, Roger Cunningham, as Sheriff,*
*Officer Gump, John Doe Officer # 2, and Town of Worthington*

s/ Carole Renee Courtney
1711 Hamill Ave.
Clarksburg, WV 26301
*Pro Se Defendant*

s/ Bridgette R. Wilson, Esq.
WV State Bar No. 6400
Greyson C. Teets, Esq.
WV State Bar No. 14493
Busch, Zurbuch & Thompson, PLLC
P.O. Box 1819
Elkins, WV 26241
Ph. (304) 636-3560 / F. (304) 636-2290
bwilson@bztlaw.com / gteets@bztlaw.com
*Counsel for Deborah Heflin*