**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

MICHAEL BOWMAN,

Plaintiff,

v. Civil Action No. 1:26-cv-00066-TSK-MJA

TOWN OF WORTHINGTON, *et al.*,

Defendants.

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT C. RENEE COURTNEY'S MOTION FOR PRESERVATION ORDER REGARDING ELECTRONICALLY STORED INFORMATION

Plaintiff, Michael Bowman, by counsel, responds to Defendant C. Renee Courtney's Motion for Preservation Order Regarding Electronically Stored Information (ECF No. 21). Plaintiff acknowledges his duty to take reasonable steps to preserve relevant evidence and does not seek permission to delete or destroy discoverable information. The issue here is whether the facts warrant a separate preservation order and, if so, its appropriate scope. Plaintiff respectfully requests that the motion be denied. If the Court enters an order, it should identify the relevant accounts, categories of information, and time period and require reasonable preservation measures.

## ARGUMENT

### A. Governing Duty to Preserve Evidence

The duty to preserve relevant evidence arises when a party reasonably should know it may be relevant to anticipated litigation and continues throughout the case. *Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). Plaintiff acknowledges that obligation, including as to relevant social media information no longer publicly displayed.

The Court may address ESI preservation through its case-management authority. Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(2), 26(f)(3)(C). In determining whether a separate order is warranted, courts balance the risk of loss, the resulting harm, and the feasibility and burden of preservation. *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433–36 (W.D. Pa. 2004). An unspecified possibility of loss ordinarily is insufficient, although particularly essential evidence may warrant protection without an imminent threat. *Id.* at 435. Applying a similar analysis, *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 369–72 (S.D.N.Y. 2006), denied a blanket preservation request as premature. Likewise, the court in *Rose v. Sandy*, No. 5:22-cv-00405, ECF No. 610, at 5–6 (S.D.W. Va. Sept. 6, 2023), distinguished preservation requests from conventional preliminary injunctions and addressed an insufficiently defined dispute by reminding the parties of their existing obligations.

Rule 37(e) separately governs remedies for ESI lost through a failure to take reasonable preservation steps when the information cannot be restored or replaced through additional discovery. *Wall v. Rasnick*, 42 F.4th 214, 222–23 (4th Cir. 2022). Because Defendant Courtney seeks prospective relief, the present inquiry concerns whether her requested order is necessary and appropriately tailored, rather than whether sanctionable loss has occurred.

**B. The Facts Do Not Establish That Deactivation Requires the Requested Judicial Intervention.**

Defendant Courtney's alleged concern deserves a response concerning the relevant information. But the evidence she supplies establishes a change in public accessibility, not the loss of underlying records. The transcript attached as an exhibit to her motion attributes to counsel an express distinction between deactivation and deletion. ECF No. 21-2, Ex. A-3. Defendant Courtney has presented no evidence that relevant underlying account data was deleted, destroyed, or irretrievably lost. Rather, her motion rests upon the deactivation of social media accounts,

which, without evidence concerning the continued availability of the underlying data, does not establish a failure to preserve evidence or justify the particular preservation order requested. *See* ECF No. 21 ¶ 9; ECF No. 21-2, Ex. A-3.

Plaintiff does not contend that deactivation is necessarily harmless on every platform. Whether a particular account setting affects preservation depends on the platform, available exports, retention settings, and data involved. The motion supplies no platform-specific evidence establishing those effects here. Nor does it identify an expiring retention period or a particular record that will become unavailable without the proposed order. Without that information, Defendant Courtney has not established why a separate preservation order is necessary.

The October 15, 2026 correspondence also does not establish a refusal to preserve. Plaintiff's counsel answered Defendant Courtney's request the same day and stated that Plaintiff had already been advised. ECF No. 21-3, Ex. B-2. That response is not a technical inventory of completed preservation measures, and Plaintiff does not characterize it as one. But its brevity and lack of a signature block do not demonstrate destruction or repudiation of the preservation obligation. Defendant Courtney's requested October 20, 2026 response date was a unilateral deadline, not an identified court order.

Defendant Courtney's dissatisfaction with counsel's response does not itself establish the need for a preservation order. *See Capricorn Power Co.*, 220 F.R.D. at 437–38 (denying preservation relief where concerns about discovery conduct did not establish a sufficient threat to the evidence's continued existence or integrity). The fact that counsel's preservation advice preceded deactivation does not, by itself, establish noncompliance. Plaintiff's duty to preserve relevant evidence continued throughout the litigation. *See Silvestri*, 271 F.3d at 591. The relevant

inquiry is whether Plaintiff took reasonable steps to preserve relevant information before and after deactivation. Fed. R. Civ. P. 37(e).

Based on these facts, the Court should decline to infer noncompliance or impose an undefined preservation certification merely because a litigant stopped displaying social media accounts to the public.

**C. Any Preservation Order Should Identify Relevant Information and Required Measures.**

To the extent that particular social media records bear on the claims or defenses in this action, Plaintiff acknowledges his obligation to take reasonable steps to preserve them. However, any preservation directive should be tailored to identifiable categories of relevant information and an appropriate time period. The order should require reasonable steps to preserve that information, including associated metadata where reasonably available. It should distinguish preservation from production and reserve questions concerning discoverability and privilege. Any required written confirmation should identify the reasonable preservation measures actually implemented.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant Courtney's Motion for Preservation Order Regarding Electronically Stored Information. Alternatively, should the Court determine that a preservation directive is warranted, Plaintiff requests that any order identify the relevant accounts, categories of information, and applicable time period; require reasonable preservation of relevant ESI within Plaintiff's possession, custody, or control, including associated metadata where reasonably available; limit any written confirmation to preservation measures actually implemented; and preserve Plaintiff's objections concerning production, discoverability, and privilege, together with such other relief as the Court deems appropriate.

Date: November 2, 2026

STEPHEN NEW & ASSOCIATES

/s/ Stephen P. New
Stephen P. New, Esq. (WV Bar 7756)
*Attorneys for Plaintiff*
430 Harper Park Dr.
Beckley, West Virginia 25801
(304) 250-6017
steve@newlawoffice.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

MICHAEL BOWMAN,

Plaintiff,

v. Civil Action No. 1:26-cv-00066-TSK-MJA

TOWN OF WORTHINGTON, *et al*.,

Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Tiffany R. Durst, Esq.
Flaherty Sensabaugh Bonasso PLLC
48 Donley Street, Suite 501 Morgantown, WV 26501
tdurst@flahertylegal.com
*Counsel for Marion County, Roger Cunningham, as Sheriff,*
*Officer Gump, John Doe Officer # 2, and Town of Worthington*

Bridgette R. Wilson, Esq.
Greyson C. Teets, Esq.
Busch, Zurbuch & Thompson, PLLC
P.O. Box 1819
Elkins, WV 26241
bwilson@bztlaw.com / gteets@bztlaw.com
*Counsel for Deborah Heflin*

I hereby certify that I have mailed, by United States Postal Service, the document to the following non-CM/ECF participants:

s/ Carole Renee Courtney
1711 Hamill Ave.
Clarksburg, WV 26301
*Pro Se Defendant*

/s/ Stephen P. New
Stephen P. New, Esq. (WV Bar 7756)