IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARKSBURG DIVISION

FILED
NOV 06 2026
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Civil Action No. 1 :26-cv-66

MICHAEL BOWMAN,

Plaintiff,

v.

TOWN OF WORTHINGTON, et al.,

Defendants.

**DEFENDANT CAROLE RENEE COURTNEY'S REPLY IN SUPPORT OF MOTION FOR PRESERVATION ORDER REGARDING ELECTRONICALLY STORED INFORMATION**

COMES NOW Defendant Carole Renee Courtney, appearing pro se, and respectfully submits this Reply in Support of her Motion for Preservation Order Regarding Electronically Stored Information [ECF No. 21], in response to Plaintiff Michael Bowman's Opposition [ECF No. 23].

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff acknowledges his duty to take reasonable steps to preserve relevant electronically stored information ("ESI"), including social media information no longer publicly displayed. ECF No. 23 at 1. He distinguishes account deactivation from deletion and argues that a separate preservation order is unwarranted absent evidence of actual loss or a sufficiently

specific risk. Id. at 2–4.

Defendant does not ask the Court to presume that evidence has been destroyed. Rather, the deactivation of accounts containing potentially relevant material creates uncertainty regarding the continued availability of that material and the preservation steps taken. A narrowly tailored order would identify reasonable measures implementing Plaintiff's existing duty, without deciding questions of production, discoverability, or privilege.

## ARGUMENT

### I. Plaintiff's Acknowledgment of His Preservation Duty Does Not Resolve Whether Reasonable Measures Have Been Implemented.

Plaintiff acknowledges that the duty to preserve relevant evidence arises when litigation is reasonably anticipated and continues during litigation, citing Silvestri v. General Motors Corp., 271 F.3d 583, 591 (4th Cir. 2001). ECF No. 23 at 1. He further acknowledges that this duty extends to relevant social media information no longer publicly displayed. Id.

A narrowly tailored preservation order would not create a new underlying duty to preserve relevant evidence. It would identify reasonable measures for implementing that duty and provide greater certainty regarding the continued availability of relevant ESI. Such measures should be proportionate to the information at issue and should not require production of evidence merely because it is preserved.

### II. Account Deactivation Supports a Request for Reasonable Safeguards, Not a Presumption of Spoliation.

Plaintiff argues that deactivation establishes a change in public accessibility, not proof that underlying data was destroyed. ECF No. 23 at 2–3. Defendant does not contend that deactivation alone establishes deletion or spoliation. Nevertheless, deactivation prevents

Defendant from independently confirming the continued public availability of information previously displayed through the accounts.

Plaintiff has not identified what preservation measures, if any, were implemented before or after deactivation. His Opposition expressly acknowledges that counsel's October 15 response was "not a technical inventory of completed preservation measures." ECF No. 23 at 3. Defendant does not characterize that correspondence as a refusal to preserve evidence, but its limited content leaves unresolved what reasonable preservation measures have actually been taken.

Defendant therefore requests reasonable safeguards against potential loss of relevant ESI, including associated metadata where reasonably available, without asking the Court to find that any loss has occurred.

**III. Plaintiff's Alternative Proposal Provides a Workable Basis for a Tailored Order.**

Plaintiff alternatively requests that any preservation order identify relevant accounts, categories of information, and applicable time periods; require reasonable preservation measures; and distinguish preservation from production while reserving discoverability and privilege objections. ECF No. 23 at 4. Defendant agrees that these limitations provide a workable framework.

The relevant electronically stored information includes Plaintiff's publicly accessible and deactivated social media accounts, including Facebook, Instagram, YouTube, TikTok, and any other social media or digital publishing platform through which Plaintiff published, distributed, shared, or monetized content concerning Defendant or the events underlying this litigation. Relevant categories include original publications, videos, associated metadata, engagement analytics, monetization and revenue records, and historical account data bearing on Plaintiff's allegations of reputational injury and financial damages, including records of content removed,

hidden, or made private where such records remain available and relevant. Defendant seeks preservation of such information for the periods relevant to the claims and defenses in this action, including records predating account deactivation.

Defendant requests that any written confirmation be limited to identifying reasonable preservation measures actually implemented. The purpose is to protect the integrity and continued availability of relevant evidence, not to compel premature production or impose an undefined technical certification.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Carole Renee Courtney respectfully requests that the Court grant her Motion for Preservation Order Regarding Electronically Stored Information [ECF No. 21], enter a narrowly tailored order identifying relevant accounts, categories of ESI, applicable time periods, and reasonable preservation measures (including associated metadata where reasonably available), require written confirmation of measures actually implemented, preserve objections concerning production, discoverability, and privilege, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

C. Renee Courtney

Defendant, Pro Se

Date: 11/6/26

**CERTIFICATE OF SERVICE**

I, C. Renee Courtney, appearing pro se, hereby certify that on NOVEMBER 6, 2026, I served a true and correct copy of Defendant Carole Renee Courtney's Reply in Support of Motion for Preservation Order Regarding Electronically Stored Information upon all counsel of record by electronic mail, as follows:

Stephen P. New steve@newlawoffice.com

Tiffany R. Durst tdurst@flahertylegal.com

Bridgette R. Wilson bwilson@bztlaw.com

Courtesy copies were also sent to Jennifer Maxwell (jmaxwell@flahertylegal.com) and Jodie Sanborn (jsanborn@bztlaw.com).

Pursuant to written confirmations exchanged and agreed upon by all parties on October 15, 2026, all counsel of record have agreed to accept service of all documents in this matter via electronic mail.

C. Renee Courtney

Defendant, Pro Se

Date: 11/6/26