**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

MICHAEL BOWMAN,

Plaintiff,

v. **Civil Action No. 1:26-cv-66**

TOWN OF WORTHINGTON, et al.,

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CAROLE RENEE COURTNEY'S MOTION TO STAY DISCOVERY PENDING RULING ON RULE 12(b)(5) AND 12(b)(6) MOTION TO DISMISS**

COMES NOW the Plaintiff, Michael Bowman, by counsel, and hereby responds in opposition to Defendant Carole Renee Courtney's Motion to Stay Discovery Pending Ruling on Rule 12(b)(5) and 12(b)(6) Motion to Dismiss. As more fully set forth herein, Defendant's Motion must be DENIED, because Defendant has failed to establish "good cause" as required by Rule 26(c) of the Federal Rules of Procedure, and staying discovery as to Defendant Courtney would severely prejudice Plaintiff.

1. **Defendant's Pending Motion to Dismiss Does Not Warrant a Stay of Discovery**

   "[H]ad the Federal Rules contemplated that a motion to dismiss under FED. R. CIV. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D (N.D. Tex. June 26, 2017). Defendant Courtney sets forth in her Motion to Stay that her Motion to Dismiss challenges the legal sufficiency of the pleadings on the face of the Complaint.

Essentially, Defendant's Motion to Dismiss alleges that Plaintiff's Complaint lacks facts that could only be obtained through discovery. Rather than support her own position, Defendant's arguments support Plaintiff's position that immediate discovery is needed to develop the record and preserve the exact communications that form the basis of Plaintiff's § 1983 conspiracy claim. Accordingly, Defendant's Motion for Stay should be DENIED.

**2. Referral of Defendant's Motion to Dismiss to Magistrate Aloi Does Not Support a Stay of Discovery**

Just as a pending Motion to Dismiss does not justify a stay of discovery for Defendant Courtney, the current status of said Motion is inconsequential and should not be considered by the Court when making its ruling on Defendant's Motion for Stay.

**3. Preserving Her Motion to Dismiss and Maintaining Her Discovery Should Be Stayed in the Parties' Rule 26(f) Report Does Not Warrant a Stay of Discovery**

Even though Defendant Courtney maintained that her discovery should be stayed in the Parties' Rule 26(f) report, Courtney still has the underlying legal burden of establishing "good cause" as set forth herein. This Court should evaluate Defendant Courtney's Motion under standard Rule 26(c) merits and DENY the same.

**4. Merely Claiming Good Cause and Undue Burden Without Sufficient Proof Thereof Does Not Support a Stay of Discovery**

Routine obligations, time expended, or normal litigation expenses inherent in the civil process do not rise to the level of "annoyance, embarrassment, oppression, or undue burden or expense" required to pause an opposing party's right to proceed. Courts require a showing that the pending motion will entirely eliminate the need for

discovery or present clearly exceptional circumstances. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

Defendant Courtney attempts to meet her burden of showing good cause and undue burden by alleging in her motion that requiring a *pro se* defendant to expend significant time and resources engaging in broad civil discovery while a dispositive motion remains pending would impose a potentially avoidable burden. As set forth in *McCabe*, time expended and normal litigation expenses do not meet the "undue burden" requirement of Rule 26(c), and Defendant's Motion must be DENIED.

**5. Plaintiff Would Be Severely Prejudiced if Defendant Courtney's Motion Would be Granted**

"The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 11 BCD 642 (4th Cir. 1983).

Granting Defendant Courtney's Motion would prejudice Plaintiff's right to a just, speedy and inexpensive determination of the case as guaranteed under Fed. R. Civ. P. 1. It would require Plaintiff to piecemeal discovery as it proceeds against the other defendants. As a result, Plaintiff would incur additional costs, because he would be required to take duplicate depositions, requiring additional subpoenas and court reporter fees. Plaintiff would also incur additional attorney fees, travel expenses, and administrative fees.

Most importantly, granting Defendant's Motion risks spoilation of evidence. As additional time passes, witnesses become more difficult to locate, their memories fade, and critical documents and digital evidence get destroyed.

This issue was recently raised in *Sadeghpour v. Nakamoto*, Civil Action 24-2744, 2026 WL 2267345 (E.D. La. Aug 06, 2026). Nakamoto asked that a ruling on Plaintiff's motion to compel discovery be deferred until after the resolution of his pending motion to dismiss. The court found that a stay of discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual basis to defend against the dispositive motion. (citing *Bickford v. Boerne Indep. Sch. Dist.*, No. 15-1146, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016). Similar to Defendant Courtney in the instant case, Nakamoto "failed to particularly and specifically demonstrate good cause as necessary to establish that a protective order staying discovery is appropriate". The court denied Nakamoto's request to stay discovery until the resolution of his pending motion to dismiss. Using the same rationale, this Honorable Court should DENY Defendant Courtney's Motion for Stay.

WHEREFORE, for the reasons stated herein, the Plaintiff respectfully requests that this Honorable Court DENY Defendant Carole Renee Courtney's Motion to Stay Discovery Pending Ruling on Rule 12(b)(5) and 12(b)6) Motion to Dismiss and for any and all such other relief the Court deems proper and just.

**MICHAEL BOWMAN**,
By Counsel.

**<u>/s/ Stephen P. New</u>**
Stephen P. New, Esq. (#7756)
STEPHEN P. NEW & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801
Telephone: (304) 250-6017
Facsimile: (304) 250-6012

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CLARKSBURG DIVISION**

MICHAEL BOWMAN,

Plaintiff,

v. Civil Action No. 1:26-cv-00066-TSK-MJA

TOWN OF WORTHINGTON, *et al*.,

Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Tiffany R. Durst, Esq.
Flaherty Sensabaugh Bonasso PLLC
48 Donley Street, Suite 501 Morgantown, WV 26501
tdurst@flahertylegal.com
*Counsel for Marion County, Roger Cunningham, as Sheriff, Officer Gump, John Doe Officer # 2, and Town of Worthington*

Bridgette R. Wilson, Esq.
Greyson C. Teets, Esq.
Busch, Zurbuch & Thompson, PLLC
P.O. Box 1819
Elkins, WV 26241
bwilson@bztlaw.com / gteets@bztlaw.com
*Counsel for Deborah Heflin*

I hereby certify that I have mailed, by United States Postal Service Certified Mail, the document to the following non-CM/ECF participants:

Carole Renee Courtney
1711 Hamill Ave.
Clarksburg, WV 26301
*Pro Se Defendant*

/s/ Stephen P. New
Stephen P. New, Esq. (WV Bar 7756)